DITMORE v MICHALIK

Docket No. 218078. Submitted December 5, 2000, at Lansing. Decided February 9, 2001, at 9:00 A.M. Leave to appeal sought.

Kevin and Melanie Ditmore brought an action in the Washtenaw Circuit Court against Larry and Becky Michalik and others, seeking various forms of relief, including a temporary restraining order, a preliminary injunction, and a permanent injunction prohibiting the defendants from trespassing on property of which the plaintiffs claim to be the equitable owners. The plaintiffs also sought actual and punitive damages. The defendants filed a counterclaim, alleging that the plaintiffs violated certain deed restrictions and requesting a permanent injunction prohibiting the plaintiffs from erecting any fences and otherwise interfering with the defendants' use of the property in dispute. The court, J. Phillip Jourdan, J., ruled in response to the plaintiffs' motions for partial summary disposition that the right of reverter that accompanied the plaintiffs' deed restrictions was not enforceable, but that the prohibition in the deed against the erection of buildings or structures on the property in dispute was enforceable. The court also ruled that the defendants did not acquire any prescriptive easement over the property in dispute. The court ruled in response to the defendants' motion for summary disposition that the plaintiffs' action was barred under principles of res judicata. That ruling was based on two cases that the court decided in 1962 and 1963. The court also determined that the original grantor intended the property in dispute to be available for the use of the defendants for ingress and egress of the adjoining lake and as a recreational area. The court also found that fences the plaintiffs erected on the land in dispute violated the deed restrictions. The court ordered the plaintiffs to remove the fences and enjoined the plaintiffs from erecting any structure or dock on the disputed property and from interfering with the use and enjoyment of the property by the defendants and others similarly situated. The plaintiffs appealed.

The Court of Appeals held:

1. The court erred in finding that the 1962 and 1963 cases barred the plaintiffs' action. The 1962 case dealt with a different waterfront parcel on the same lake and the facts were not identical. That

case did not involve the same matter as the present case. The present case also involves facts and events separate from those involved in the 1963 dispute.

2. Collateral estoppel does not apply to bar the plaintiffs from litigating the issues they raised.

3. The court properly determined that the possibility of reverter that accompanied the deed restrictions was unenforceable.

4. The court erred in concluding that the deed restrictions remained enforceable. The language of the deed created a defeasible or terminable estate, not a restrictive covenant. The deed did not require the plaintiffs (the grantees) to do anything or refrain from doing anything. The fact that the deed provided that the property would revert back to the grantor in the event that the grantees violated an express condition was enough to invoke the rules contained in MCL 554.62; MSA 26.49(12), which provides that a right of termination is lost after thirty years unless a notice is recorded pursuant to MCL 554.65; MSA 26.49(15), which would preserve the right for an additional thirty years. The right of termination in this case ended in 1974. There also is no evidence that the property in dispute was subject to an easement. The court erred in ruling that the property in dispute was subject to a deed restriction that prohibited the erection of a fence and allowed the defendants access for recreation purposes and for ingress and egress. The order granting the defendants' motion for summary disposition must be reversed and the matter must be remanded.

Reversed and remanded.

1. Judgments — Consent Judgments — Res Judicata.

Res judicata applies to consent judgments.

2. Judgments — Res Judicata.

Res judicata bars the relitigation of claims that are based on the same transaction or events as a prior suit and applies when the prior action was decided on the merits, the decree in the prior action was a final decision, both actions involved the same parties or their privies, and the matter in the second case was or could have been resolved in the first.

3. Judgments — Collateral Estoppel.

Collateral estoppel, or issue preclusion, precludes the relitigation of an issue in a subsequent, different cause of action between the same parties or their privies when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding.

4. DEEDS — COVENANTS — CONDITIONS.

> A covenant is an assurance that something will be done, while a condition provides that the legal relationship of the grantor and the grantee will be affected when an event that may or may not happen takes place.

*Dykema Gossett PLLC* (by *W. A. Steiner, Jr.*, and *Noceeba S. Gordon*), for the plaintiffs.

*J. Michael Smith*, for the defendants.

Before: O'CONNELL, P.J., and ZAHRA and B. B. MACKENZIE*, JJ.

O'CONNELL, P.J. Plaintiffs appeal as of right from a judgment and order granting defendants' motion for summary disposition, MCR 2.116(C)(7) and (10). This case arises out of a dispute over the use of, and rights in, real property. We reverse and remand.

Plaintiffs alleged below that they were the equitable owners of certain real property located in Dexter Township, which we will refer to as lot 43, and which is part of a subdivision that Portage Lake Land Company developed. Plaintiffs further alleged that they were the equitable owners of a parcel lying directly between lot 43 and Portage Lake, which the parties refer to as "parcel 2." Plaintiffs began purchasing the property from Lesly Lochner through a land contract in 1995. Defendants own neighboring lots in Portage Lake Resort.

Plaintiffs alleged that beginning in 1995, defendants harassed and threatened them and continually trespassed on parcel 2. In response, plaintiffs constructed split-rail fences on the northerly and southerly bor-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ders of parcel 2, extending close to Portage Lake. According to plaintiffs, the fences were necessary to protect them and their property from continuing trespasses. The complaint requested various forms of relief, including a temporary restraining order, a preliminary injunction, and a permanent injunction prohibiting defendants from trespassing on parcel 2. Plaintiffs also requested actual and punitive damages.

Defendants filed a counterclaim in which they alleged that plaintiffs violated certain deed restrictions. Defendants based their claim on a 1944 deed in which Portage Lake Land Company conveyed lot 43 to Joseph H. Thompson and Edward S. George. The deed contained the following provision:

> Said parcel of land is subject to all State and Federal laws regarding shore lines of inland lakes and also subject to any commitments which may have previously been made by Portage Lake Land Company.
>
> This conveyance is given upon the express condition that no buildings or structures of any kind shall ever be erected or permitted to remain upon the above described property or in the water adjacent thereto, excepting unenclosed temporary docks. Violation of this condition shall cause the title to the property hereby conveyed to revert to the grantor, its successors and assigns.

Defendants requested a permanent injunction prohibiting plaintiffs from erecting any fences and otherwise interfering with defendants' use of parcel 2.[1]

---

[1] The trial court granted plaintiffs' request to add Brookshire Associates, Inc., doing business as Century 21 Brookshire, as a third-party defendant. Plaintiffs' third-party complaint alleged malpractice, negligence, misrepresentation, conflict of interest, breach of fiduciary duty, and violation of the Michigan Consumer Protection Act. These claims were based on Century 21's sale of lot 43 and parcel 2 to plaintiffs. Third-party defendant filed a motion for summary disposition, which the trial court denied. Pur-

Plaintiffs filed a motion for partial summary disposition pursuant to MCR 2.116(C)(10), wherein they sought an order voiding the deed restrictions. The trial court ruled that the right of reverter that accompanied the deed restrictions was not enforceable. However, the court concluded that the prohibition against the erection of buildings or structures on parcel 2 was enforceable.

Plaintiffs thereafter filed a second motion for partial summary disposition pursuant to MCR 2.116(C)(10). Plaintiffs sought an order voiding the deed language that provided that parcel 2 was subject to any commitments that Portage Lake Land Company may have made. Plaintiffs argued that defendants were not entitled to use parcel 2 for lake access or recreational purposes. Plaintiffs also contended that defendants did not acquire any prescriptive easement over parcel 2. The trial court denied plaintiffs' motion, except that it granted the motion in part with regard to the issue of the existence of a prescriptive easement.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(5), (7), (8), and (10). Their primary argument was that two cases decided in the Washtenaw Circuit Court in the early 1960s barred plaintiffs' suit under principles of res judicata. Pursuant to a judgment entered February 18, 1999, the trial court granted defendants' motion in its entirety on the basis of res judicata. The court determined that the Portage Lake Land Company intended parcel 2 to be available for the use of the landowners and

suant to the parties' stipulation, the trial court entered an order dismissing the action against third-party defendant.

residents of Portage Lake Resort and the Orchard Addition to Portage Lake Resort Subdivision for ingress and egress and as a recreational area. The trial court further determined that plaintiffs' fences violated the deed restrictions against buildings or structures of any kind.

The judgment ordered plaintiffs to remove the fences from parcel 2 and forever enjoined them from erecting any structure or dock on parcel 2 that would violate the deed. The court further enjoined plaintiffs from interfering in any way with the ability of property owners and residents of Portage Lake Resort and the Orchard Addition to Portage Lake Resort Subdivision to use and enjoy parcel 2.

## I. FORMER ADJUDICATION

Plaintiffs argue that the trial court erred in concluding that, under principles of res judicata, two cases from the early 1960s barred their action. We review rulings regarding motions for summary disposition de novo. *Van v Zahorik*, 460 Mich 320, 326; 597 NW2d 15 (1999). The applicability of the doctrine of res judicata is a question of law that we also review de novo. *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 379; 596 NW2d 153 (1999).

In 1962, Thurman and Della Andrew owned lot 41 and a parcel of land between lot 41 and a canal. This property was very close to plaintiffs' lot 43, and the parcel between lot 41 and the canal was the equivalent of plaintiffs' own parcel 2. Portage Lake Land Company filed suit to enjoin the Andrews from maintaining a fence on the waterfront parcel to lot 41. The company complained that the fence interfered

with the rights of other property owners in the subdivision. The Andrews' deed provided that it was subject "to the restrictions that no structure of any kind or character may be erected upon the land and premises herein conveyed." The parties reached a settlement, and the court entered a consent judgment providing that the fence violated the deed prohibition against structures and that the Andrews were prohibited from interfering with the use and enjoyment of the premises as a recreational area and as a means of ingress and egress with respect to the lake.

In 1963, Portage Lake Land Company filed suit against the Andrews (owners of lot 41 and its waterfront parcel), Don Dickerson (owner of lot 42 and its lakefront parcel), and Clarence and Josephine Rozmarynowski (owners of lot 43 and its lakefront parcel). As the description of their properties suggests, Dickerson's property was between the Andrews' and the Rozmarynowskis' properties. The complaint referenced Dickerson's deed, which contained the same restrictions as the deed in the present case. Portage Lake Land Company claimed that the Rozmarynowskis (lot 43), with the consent of Dickerson (lot 42), constructed a fence on the lakefront parcel to lot 42. Portage Lake Land Company sought to enforce the right of reverter clause in Dickerson's deed because, although the Rozmarynowskis had erected the fence, it was located on Dickerson's lakefront parcel. Portage Lake Land Company claimed that the fence on Dickerson's lakefront parcel interfered with the substantial interests of subdivision property owners in access to Portage Lake.

The Rozmarynowskis filed a cross-complaint against Portage Lake Land Company, claiming that

other subdivision owners were continually trespassing on parcel 2 to lot 43. The Rozmarynowskis stated that they had helped build the fence on Dickerson's lakefront parcel to prevent trespasses on their own property. They sought an order allowing the fence to remain standing and to enjoin further trespassing on parcel 2.

The trial court ruled that Dickerson's lakefront parcel reverted back to Portage Lake Land Company and that the defendants were perpetually enjoined from erecting any fence on Dickerson's lakefront parcel. The judgment also provided:

> IT IS FURTHER ORDERED AND ADJUDGED that the relief prayed for in the Cross-Complaint filed by Defendants, Clarence Rozmarynowski and Josephine Rozmarynowski, be denied.

Res judicata relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and encourages reliance on adjudication. *Pierson, supra* at 380. Res judicata applies when (1) the prior action was decided on the merits, (2) the decree in the prior decision was a final decision, (3) both actions involved the same parties or their privies, and (4) the matter in the second case was or could have been resolved in the first. *Baraga Co v State Tax Comm*, 243 Mich App 452, 455; 622 NW2d 109 (2000).

Plaintiffs first contend that because the 1962 case involved a settlement, the doctrine of res judicata does not apply because the case did not result in a judgment on the merits. We reject this argument. Res judicata applies to consent judgments. *Id.* at 455-456; *Schwartz v Flint*, 187 Mich App 191, 194; 466 NW2d 357 (1991). Nevertheless, we agree with plaintiffs that

the 1962 case did not bar their action. The 1962 case dealt with lot 41 and its waterfront parcel. The facts were not identical because the deed language at issue in the 1962 case was different and therefore did not involve the same matter as the present case.

We also agree with plaintiffs that the claims involved in the 1963 case were not the same as in the present action. Res judicata bars relitigation of claims that are based on the same transaction or events as a prior suit. *Pierson, supra* at 380; *Huggett v Dep't of Natural Resources*, 232 Mich App 188, 197; 590 NW2d 747 (1998); 1 Restatement Judgments, 2d, § 24, p 196. The present case involves facts and events separate from those involved in the 1963 dispute, and the doctrine of res judicata was therefore inapplicable.

The essence of defendants' argument below was that both the 1963 case and the present case involved the same legal issue, namely, whether neighboring landowners had any legal right with respect to parcel 2. Consequently, the issue is more appropriately considered under the related doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, precludes relitigation of an issue in a subsequent, different cause of action between the same parties or their privies when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding. *People v Gates*, 434 Mich 146, 154; 452 NW2d 627 (1990); *McMichael v McMichael*, 217 Mich App 723, 727; 552 NW2d 688 (1996). In the 1963 case, the Rozmarynowskis sought a declaration that their neighbors had no right or claim to parcel 2, a declaration that the deed did not prohibit the Rozmarynowskis from erecting a fence, and a permanent injunction prohibiting neigh-

boring landowners from trespassing on parcel 2. The judgment in the 1963 case denied the Rozmarynowskis any relief. However, our review of the record revealed no indication that the trial court ever resolved the issue whether neighboring property owners had any claim or right in the Rozmarynowskis' property. We are left to speculate regarding the reason that the trial court denied the Rozmarynowskis any relief. Collateral estoppel applies only when the basis of the prior judgment can be clearly, definitely, and unequivocally ascertained. *Gates, supra* at 158. Therefore, collateral estoppel did not apply to bar plaintiffs from litigating the issues that they raised in their complaint.[2]

On the basis of the foregoing, we find that the trial court erred in concluding that the 1962 and 1963 cases barred plaintiffs' action. Consequently, the trial court erred to the extent that its grant of defendants' motion for summary disposition was based on principles of res judicata.

## II. ENFORCEABILITY OF DEED RESTRICTIONS

Plaintiffs next contend that the trial court erred in determining that the conditional language contained in their deed precluded them from erecting a fence. According to plaintiffs, defendants' right to enforce any deed restrictions terminated because they failed

---

[2] Plaintiffs assert that the Rozmarynowskis in the 1963 case were not their privies. We disagree. A privy includes one who, after rendition of a judgment, has purchased an interest in the subject matter that the prior proceeding affected. *Husted v Auto-Owners Ins Co*, 213 Mich App 547, 556; 540 NW2d 743 (1995). Plaintiffs were the privies of the Rozmarynowskis in the 1963 case because the Rozmarynowskis were plaintiffs' predecessors in title.

to comply with the recording requirements of MCL 554.65; MSA 26.49(15). Resolution of this issue entails a matter of statutory construction. We review such questions de novo. *Oxendine v Secretary of State*, 237 Mich App 346, 348-349; 602 NW2d 847 (1999).

MCL 554.62; MSA 26.49(12) provides as follows:

> If the specified contingency does not occur within 30 years after the terminable interest is created, the right of termination by reason of the specified contingency shall be unenforceable.

MCL 554.65; MSA 26.49(15) further provides:

> A right of termination may be preserved by the recording, within a period of not less than 25 nor more than 30 years after creation of the terminable interest or within 1 year after the effective date of this act, whichever is later, of a written notice that the owner of such right of termination desires to preserve the same, such notice to be recorded in the register of deeds office of the county where the real property subject to such right of termination is located. Such notice shall be verified by oath, shall describe the land involved and the nature of such right of termination, including the specified contingency, and shall state the name and address of the owner of such right of termination. The recording of such notice shall operate to preserve such right of termination from the operation of this act for a period of 30 years from the date of recording of such notice.

Therefore, a right of termination is lost after thirty years unless a notice is recorded pursuant to MCL 554.65; MSA 26.49(15), which would preserve the right for an additional thirty years.

The deed language at issue in the present case created a terminable interest as defined in MCL 554.61(a); MSA 26.49(11)(a):

"Terminable interest" is a possessory or ownership interest in real property which is subject to termination by a provision in a conveyance or other instrument which either creates a right of reversion to a grantor or his heirs, successors or assigns or creates a right of entry on the occurrence of a specified contingency.

A right of reversion, or possibility of reverter,[3] is a future interest that remains in a grantor and is associated with a fee simple determinable. *Ludington & N R Co v Epworth Assembly*, 188 Mich App 25, 35-36; 468 NW2d 884 (1991). A right of entry is an interest remaining when the grantor creates an estate on condition subsequent. *Id.* at 36. The deed language at issue in this case states that a violation of the express condition "shall cause the title to the property hereby conveyed to revert to the grantor, its successors and assigns." This language is somewhat confusing in that it is preceded by the phrase "upon the express condition that," which is traditionally associated with a fee simple subject to condition subsequent, 1 Powell on Real Property, § 13.05[2], p 13-51; 1 Simes & Smith, Law of Future Interests, 2d, § 247, p 280, but a violation of the condition triggers an automatic reversion to the grantor or its successors and assigns, which is indicative of a fee simple determinable,[4] *Ludington, supra* at 35-36; Powell, § 13.05[1], p 13-34. For our purposes, we need not determine whether Portage Lake Land Company intended to create a fee simple subject to condition subsequent or a fee simple deter-

---

[3] A possibility of reverter is an interest in the nature of a reversion. 1 Cameron, Michigan Real Property Law (2d ed), § 7.10, p 250.

[4] Regarding the difficulty in distinguishing between a fee simple determinable and a fee simple subject to condition subsequent, and the confusion contained in this state's case law, see 1 Cameron, Michigan Real Property Law (2d ed), § 7.10, pp 250-251.

minable. That the deed provided for an automatic reversion in the event of a violation, and hence a right of reversion, was enough to invoke the rules contained in MCL 554.62; MSA 26.49(12) and MCL 554.65; MSA 26.49(15).

Defendants assert on appeal that the entry of the judgment in the 1963 case satisfied MCL 554.65; MSA 26.49(15).[5] We disagree. The judgment contained no indication regarding Portage Lake Land Company's desire to preserve the right of termination, nor did it "describe the land involved and the nature of such right of termination, including the specified contingency, and . . . state the name and address of the owner of such right of termination." Defendants also argue that an affidavit of interest, recorded in 1982, satisfied the requirements of MCL 554.65; MSA 26.49(15). This argument is without merit for two reasons. First, the deed that created the terminable interest dated back to 1944. MCL 554.62; MSA 26.49(12) provides for a thirty-year period to exercise the right of termination, which would have ended in 1974. The 1982 affidavit would have been too late. Second, the 1982 affidavit relates to lot 42, not lot 43. The trial

---

[5] Irrespective of our resolution of plaintiffs' first issue, we note that principles of res judicata and collateral estoppel did not bar the trial court's consideration of any issues arising under MCL 554.62; MSA 26.49(12) and MCL 554.65; MSA 26.49(15). Collateral estoppel bars relitigation of matters that were actually and necessarily decided in the first case. *McMichael, supra* at 727. Res judicata bars relitigation of matters that were or could have been resolved in the first case. *Baraga Co, supra* at 455. Res judicata does not act as a bar to an action where the law changes after the completion of the initial litigation and thereby alters the legal principles on which the court will resolve the subsequent case. *Id.* at 457; 1 Restatement Judgments, 2d, § 26(c), comment e, p 239. Our Legislature enacted both sections in 1968. See 1968 PA 13. Because the statute did not exist in 1963, the trial court obviously could not have considered it.

court correctly determined that the possibility of reverter was unenforceable.[6] *Ludington, supra* at 45.

The court below, however, concluded that the deed restrictions remained enforceable notwithstanding that the reversion itself was not enforceable. The trial court's conclusion was in error. Our review of the deed language at issue reveals that it did not involve a restrictive covenant; rather it created a defeasible or terminable estate. "A *covenant* is an assurance that something will be done, while a *condition* provides that the legal relationship of the grantor and the grantee will be affected when an event that may or may not happen takes place." 2 Cameron, Michigan Real Property Law (2d ed), § 22.2, pp 1005-1006. In the present case, the deed did not require the grantee to do anything or refrain from doing anything. Instead, it provided that the property would revert back to Portage Lake Land Company in the event that the grantee violated the express condition. Nor did our review of the lower court record provide any evidence that parcel 2 was subject to an easement. "In order to create an express easement, there must be language in the writing manifesting a clear intent to create a servitude." *Forge v Smith*, 458 Mich 198, 205; 580 NW2d 876 (1998). See also MCL 566.106; MSA 26.906 (statute of frauds concerning easements). We do not have such a situation here. We note that the lower court record contained two documents entitled "affidavit of interest," dated 1977 and 1982 respec-

---

[6] Plaintiffs, in their complaint, asserted that Portage Lake Land Company had been liquidated and that no person or entity held the possibility of reverter. Defendants, on the other hand, asserted that they, as owners of the land that Portage Lake Land Company previously owned, were the company's successors in interest. The trial court did not resolve this issue, and we have no need to do so here.

tively, that purported to create an easement for ingress and egress, as well as recreational use on the waterfront parcels to lots 41 and 42. Neither document refers to the existence of an easement on plaintiffs' parcel 2. If the adjoining landowners had a private understanding regarding the matter at some point in the past, the record below does not indicate that it was ever memorialized in any writing that complied with the requirements of MCL 566.106; MSA 26.906 or its predecessors.

On the basis of the foregoing, we conclude that the trial court erred in ruling that parcel 2 was subject to a deed restriction that prohibited the erection of a fence and allowed access for recreational purposes and for ingress and egress. Consequently, the trial court erred in granting defendants' motion for summary disposition. Our conclusion makes a review of plaintiffs' remaining issues unnecessary. If, on remand, defendants submit additional evidence that would support the application of principles of res judicata or collateral estoppel to bar plaintiffs' action, the court is directed to provide a detailed analysis in a written opinion.

Reversed and remanded. We do not retain jurisdiction.