# STATE OF MICHIGAN

# COURT OF APPEALS

MARK DUSHANE,

      Plaintiff-Appellant,

v

TERRANCE R. FOWLE and DEBRA L. FOWLE,

      Defendants-Appellees.

UNPUBLISHED
September 14, 2017

No. 332392
Lenawee Circuit Court
LC No. 15-005464-CH

Before: GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendants' motion for summary disposition on the ground that res judicata barred this trespass action. We affirm.

This case arises out of a dispute between plaintiff and defendants regarding whether an easement for the benefit of defendants' property extends to the highway, which would include the approach to plaintiff's driveway. The easement was created in 1989 by consent judgment which provided for a "non-exclusive easement Thirty-three (33) feet in width for ingress and egress," commencing on the south right-of-way line of Highway M-50. This easement is used by the parties to access M-50. It was also the subject of litigation between the same parties in 2005, when plaintiff brought a claim of adverse possession. The claim was rejected and the easement was reaffirmed. Accordingly, the trial court here held that plaintiff's trespass action was barred by res judicata.

Plaintiff argues that res judicata does not apply to bar this action because the issue whether defendants were trespassing on his driveway approach was never adjudicated. We disagree.

This Court reviews "de novo both a trial court's decision on a motion for summary disposition and its application of the legal doctrine of res judicata." *Garrett v Washington*, 314 Mich App 436, 440-441; 886 NW2d 762 (2016). "In determining whether summary disposition under MCR 2.116(C)(7) is appropriate, a court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Id*. at 441 (quotation marks and citation omitted).

The purpose of the doctrine of res judicata is to "foster the finality of litigation" in order to avoid the cost and aggravation that comes with multiple lawsuits and to conserve judicial

-1-

resources. *Id*. "For res judicata to preclude a claim, three elements must be satisfied: '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.' " *Id*., quoting *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004).

Both parties agree that the 2005 action involved the same parties and was decided on the merits. Additionally, the 1989 action involved plaintiff and defendants' privy—the predecessor in title to defendants' property, and the easement at issue. See *Ditmore v Michalik*, 244 Mich App 569, 578 n 2; 625 NW2d 462 (2001). As a result of a stipulated settlement between the parties, the trial court entered a consent judgment ordering the easement at issue. "Res judicata applies to consent judgments." *Id*. at 576. Therefore, the primary dispute in this case is whether the matters in this case were, or could have been, resolved in the previous actions.

The doctrine of res judicata bars claims already litigated and claims arising from the same transaction that could have been raised in a prior action. *Garrett*, 314 Mich at 442. To determine whether a party, exercising reasonable diligence, could have resolved a claim in a prior action, courts apply the "same transaction test." *Id*. Under this test, " 'the determinative question is whether the claims in the instant case arose as part of the same transaction as did [the] claims in' the original action." *Id*., quoting *Adair*, 470 Mich at 125. This test focuses on the facts, rather than the substantive theories or forms of relief available to the plaintiff. *Garrett*, 315 Mich App at 442. Whether a group of facts constitutes a transaction is " 'determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation*, [and] whether they form a convenient trial unit[.]' " *Id.*, quoting *Adair*, 470 Mich at 125.

Plaintiff argues that the prior actions only involved the easement and did not include the approach to his driveway; therefore, the trespass over the approach by defendants was not a claim that could have been considered in prior litigation. Further, the location and the motivation for this trespass action did not arise until 2012 or 2013; thus, his claim was not related in time, space, origin, or motivation to the prior actions. But plaintiff's trespass claim is premised on the arguments that the easement does not extend to the highway and does not include the approach to his driveway; thus, he is challenging the boundaries of the easement. Because this same issue could have been resolved and, in fact, was resolved in prior litigation, plaintiff's claim was barred by res judicata.

In fact, in his answer to defendants' motion for summary disposition plaintiff even argued that "[t]his matter of the boundaries of the easement, *and whether it should extend to the highway*, was or could have been resolved in the 2004-2005 action in front of Judge Pickard." In his responsive brief to that motion, plaintiff again states, "[a]ny claims to be made on the expansion of the use or dimension of the easement could have and should have been brought before Judge Pickard." Plaintiff attempted to limit the application of res judicata to defendants' defense, by arguing that defendants failed to raise the issue in 2005. However, "[t]he doctrine of res judicata is applied broadly. It includes issues which the parties sought to have adjudicated as well as every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at that time." *Martino v Cottman Transmission Sys, Inc*, 218 Mich App 54, 57-58; 554 NW2d 17 (1996) (quotation marks and citation omitted). The doctrine of res judicata does not limit its application to the party who

brought the initial claim, and by plaintiff's own admission the issue of whether the easement extends to the highway could have been resolved in the 2005 action.

Further, the trial court did not view the pleadings and documents in a light most favorable to defendants, as plaintiff asserts. Rather, the trial court strictly relied on the prior rulings of the court and the lower court file for the 2005 action in reaching its decision. In doing so, the trial court noted that, in the 2005 action, the court "only addressed whether [plaintiff and his wife] were blocking the use of the easement and whether there had been adverse possession." However, the court concluded that the previous "ruling reaffirmed the existence of the easement and the [defendants'] right to use the easement for ingress and egress on a description that talks about M-50 or its predecessor in name." We agree with the trial court's conclusion. Accordingly, the trial court did not err when it held that res judicata barred plaintiff's trespass claim and granted defendants' motion for summary disposition.

Affirmed. Defendants are entitled to costs as the prevailing parties. MCR 7.219(A).


/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle