*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FLINT REGION ASC, LLC,

Plaintiff-Appellant,

v

HARTFORD ACCIDENT & INDEMNITY
COMPANY,

Defendant-Appellee.

UNPUBLISHED
January 19, 2023

No. 360950
Oakland Circuit Court
LC No. 2021-189925-NF

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Thomas Fields was injured in a motor vehicle accident and received medical treatment from plaintiff, Flint Region Ambulatory Surgery Centers, LLC. Fields assigned plaintiff his right to seek no-fault personal injury protection (PIP) benefits under the Michigan no-fault act, MCL 500.3101 *et seq.* After the assignment, Fields filed a separate lawsuit against defendant, Hartford Accident & Indemnity Company, seeking PIP benefits, which was ultimately settled and dismissed. On appeal, plaintiff challenges the subsequent trial court order granting summary disposition to defendant under MCR 2.116(C)(7) (res judicata). Because the trial court erred by concluding that plaintiff's claim was barred by res judicata, we reverse and remand for further proceedings.

## I. FACTS

Thomas Fields was injured in a motor vehicle accident. Plaintiff provided medical treatment. In March 2021, Fields assigned plaintiff the right to recover the costs for the medical treatment rendered by plaintiff. On February 10, 2020, Fields initiated his own case to recover PIP benefits from defendant. Fields and defendant completed mediation on September 7, 2021. This resulted in a September 8, 2021 mediation report of settlement. On September 8, 2021, while Fields' case was pending, plaintiff initiated the instant suit against defendant.

On November 10, 2021, as part of his settlement with defendant, Fields executed a release that encompassed "any and all claims and demands for No-Fault insurance benefits, of any kind whatsoever, for any and all expenses incurred to date and/or which may be incurred at any time in

the future . . . ." On November 28, 2021, upon stipulation of Fields and defendant, the trial court entered an order dismissing with prejudice Fields' claims against defendant. In January 2022, defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(10) in the instant case, asserting that plaintiff's claim was barred by res judicata as a result of its settlement agreement with Fields. The trial court granted defendant's motion under MCR 2.116(C)(7), concluding that plaintiff's claim was precluded by res judicata. Plaintiff moved for reconsideration, which the trial court denied.

This appeal followed.

## II. DISCUSSION

On appeal, plaintiff argues the trial court erred by concluding that its claim was barred by res judicata. We agree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The applicability of a legal doctrine, such as res judicata, is also reviewed de novo. *Allen Park Retirees Assn, Inc v Allen Park*, 329 Mich App 430, 443; 942 NW2d 618 (2019). Summary disposition under MCR 2.116(C)(7) may be granted when a claim is barred by res judicata. See *id*. Under MCR 2.116(C)(7), "all well-pleaded allegations must be both accepted as true and construed in the light most favorable to the nonmoving party," and "the court must consider all of the documentary evidence submitted by the parties." *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 335-336; 941 NW2d 685 (2019) (quotation marks and citation omitted).

Fields assigned his right to recover the costs of medical treatment to plaintiff before Fields entered into the settlement agreement with defendant. Plaintiff contends that under these circumstances, res judicata is inapplicable. We agree.

"Res judicata bars a second action on the same claim if (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, ___ Mich ___; ___ NW2d ___ (2022) (Docket Nos. 161628 & 161650); slip op at 5-6 (quotation marks and citation omitted).

There is no dispute that the action involving Fields and defendant was decided on its merits. See *Ditmore v Michalik*, 244 Mich App 569, 576; 625 NW2d 462 (2001) (indicating a settlement agreement, for purposes of res judicata, is treated as a decision on the merits). The trial court dismissed Fields' case with prejudice by a stipulated order on November 24, 2021. Therefore, the case was decided on its merits.

The main focus is whether Fields and plaintiff were in privity when Fields' case was adjudicated. Our Supreme Court recently addressed whether a plaintiff's claim seeking payment of PIP benefits on behalf of an insured was barred under res judicata as a result of a judgment entered after an assignment in *Mecosta Co Med Ctr*, ___ Mich at ___; slip op at 5. "To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Id*. at ___; slip op at 7 (citation and quotation

marks omitted).  Our Supreme Court held that "a judgment entered after [an] assignment does not bind the assignee because the assignee is not in privity with the assignor with respect to that judgment."  *Id*. at ___; slip op at 8.

In the instant case, Fields assigned his right to plaintiff on March 23, 2021.  The assignment preceded both the settlement between Fields and defendant on November 10, 2021, and subsequent dismissal of Fields' case on November 24, 2021.  Therefore, plaintiff was not in privity with Fields for purposes of the settlement agreement and cannot be bound by it.  Accordingly, res judicata did not bar plaintiff's claim.

On appeal, defendant contends that this Court should affirm the trial court's order alternatively under MCL 500.3112 because plaintiff failed to provide notice of the assignment before the settlement with Fields.[1]  However, liability under MCL 500.3112 was not raised on appeal by plaintiff, and defendant failed to raise this issue before the trial court.  Additionally, the trial court's ruling was premised solely on res judicata.  We refuse to address this unpreserved issue because the facts necessary to resolve it have not been presented, and we do not believe that consideration of the issue is necessary for a proper determination of the case.  See *Elahham v Al-Jabban*, 319 Mich App 112, 120; 899 NW2d 768 (2017).

Reversed and remanded.  We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick

---

[1] MCL 500.3112 provides, in relevant part:

> Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person.