# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM BEAUMONT HOSPITAL,

      Plaintiff,

v

JON WASS,

      Defendant/Third-Party Plaintiff-
      Appellant,

v

TIME INSURANCE COMPANY,

      Third-Party Defendant-Appellee.

FOR PUBLICATION
May 17, 2016
9:05 a.m.

No. 323393
Oakland Circuit Court
LC No. 2013-136932-CK

Before: SHAPIRO, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Defendant/third-party plaintiff Jon Wass appeals from a trial court order granting third-party defendant Time Insurance Company (Time) summary disposition of Wass's breach of contract claim. The trial court concluded that because the Office of Financial and Insurance Regulations (OFIR), an administrative agency, had already issued a decision pursuant to the external review procedures in MCL 550.1915(1), the breach of contract claim was barred by res judicata and collateral estoppel. MCL 550.1915(3), however, provides that subsection (1) does not preclude Wass from seeking other remedies available under state and federal law. And because Wass was not entitled to an evidentiary hearing at any level of the administrative proceedings, the administrative decision rendered under MCL 550.1915(1) does not have preclusive effect in this case. Accordingly, we reverse and remand for further proceedings.

## I. BACKGROUND

On June 28, 2011, Time issued a certificate of insurance to Wass that provided major medical coverage. Pertinent to this dispute, the policy contained a preexisting conditions limitation. After Wass was diagnosed with and began receiving treatment for colon cancer, Time denied his claim for benefits, asserting that the colon cancer was a preexisting condition. Wass appealed the denial to Time's internal grievance panel, which also concluded that the colon

-1-

cancer was a preexisting condition. Time informed Wass that the grievance panel's decision was the last avenue available for an internal review, but advised him that he could seek an external review by the OFIR pursuant to the Patient's Right to Independent Review Act (PRIRA), MCL 550.1901 *et seq*.

Wass requested an external review of Time's denial of coverage from the OFIR, which assigned the review to an Independent Review Organization (IRO). Under MCL 550.1911(9), (11), and (13), the IRO was required to review "all of the information and documents" that Time used in making its adverse determination, "any other information submitted in writing" by Wass or Wass's representative, and, to the extent it was available and appropriate, the IRO could also consider additional documentary evidence listed in the statute, such as medical records and practice guidelines. The IRO was not authorized to conduct an evidentiary hearing or hear testimony.[1] The IRO concluded that the colon cancer was a preexisting condition,[2] thereby precluding Wass from receiving benefits. The OFIR adopted the IRO's recommendation that Wass be denied coverage.

Wass appealed the OFIR's decision to the Oakland Circuit Court pursuant to the provision providing for such review in MCL 550.1915(1). The trial court's review of the OFIR decision was limited to determining whether the decision was authorized by law. See *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 455; 688 NW2d 523 (2004). "[A]n agency's decision that 'is in violation of statute [or constitution], in excess of the statutory authority or jurisdiction of the agency, made upon unlawful procedures resulting in material prejudice, or is arbitrary and capricious,' is a decision that is *not* authorized by law." *Id*. (quotation omitted; alteration and emphasis in original). The trial court did not conduct an evidentiary hearing. Instead, it reviewed the OFIR record and opinion and concluded that the ruling "was not contrary to law or arbitrary and capricious." Wass did not appeal the circuit court's decision to this Court.

---

[1] See *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 460-462; 688 NW2d 523 (2004) (recognizing that PRIRA's external review procedure does not require an evidentiary hearing).

[2] MCL 500.3406f(1)(a) provides:

> (1) An insurer may exclude or limit coverage for a condition as follows:
>
> (a) For an individual covered under an individual policy or certificate or any other policy or certificate not covered under subdivision (b) or (c), only if the exclusion or limitation relates to a condition for which medical advice, diagnosis, care, or treatment was recommended or received within 6 months before enrollment and the exclusion or limitation does not extend for more than 12 months after the effective date of the policy or certificate.

We agree with the trial court that this definition, rather than the definition in the insurance policy, applies in this case.

On January 3, 2013, plaintiff William Beaumont Hospital filed a complaint against Wass in district court, seeking payment from Wass for the reasonable and necessary medical services it had provided. After Wass answered and filed a motion to stay the proceedings, the case was transferred to the circuit court. Wass then filed a third-party complaint against Time, alleging breach of contract and asserting that Time was responsible for the amounts sought by Beaumont Hospital. Time asserted in its answer that it had no contractual duty to pay Wass's health care expenses because the contract did not cover his preexisting condition during the pertinent time frame. The insurance company then filed a motion for summary disposition under MCR 2.116(C)(7), asserting that Wass's claims were barred by res judicata and collateral estoppel because of the June 2012 decision by the OFIR. The trial court agreed and granted the motion for summary disposition in Time's favor. Wass now appeals that decision.

## II. ANALYSIS

PRIRA contemplates an aggrieved party being able to pursue both an administrative review and a claim in circuit court. MCL 550.1915 provides:

> (1) An external review decision and an expedited external review decision are the final administrative remedies available under this act. A person aggrieved by an external review decision or an expedited external review decision may seek judicial review no later than 60 days from the date of the decision in the circuit court for the county where the covered person resides or in the circuit court of Ingham county.

> (2) Subsection (1) does not preclude a health carrier from seeking other remedies available under applicable state law.

> *(3) Subsection (1) does not preclude a covered person from seeking other remedies available under applicable federal or state law.*

> (4) A covered person or the covered person's authorized representative may not file a subsequent request for external review involving the same adverse determination or final adverse determination for which the covered person has already received an external review decision under this act. [emphasis added.][3]

---

[3] The purpose of statutory interpretation is to determine the Legislature's intent, beginning with the statutory language. *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012). When the statutory language clearly expresses the Legislature's intent, "no further construction is required or permitted." *Id*. In giving meaning to a statutory provision, this Court considers the provision within the context of the whole statute and "give[s] effect to every word, phrase, and clause . . . [to] avoid an interpretation that would render any part of the statute surplusage or nugatory." *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002).

Subsection (1) provides that the final administrative remedies under PRIRA are an external review by the OFIR followed by a review by the circuit court. However, subsection (3) plainly provides that subsection (1) does not preclude an aggrieved party from pursuing other remedies under state and federal law, which would include the right to bring an original and separate action in circuit court for breach of contract. There is, notably, no election of remedies language in the statute, nor will we read such a requirement into the statute. See *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 218; 801 NW2d 35 (2011). Accordingly, the statutory language does not preclude Wass's suit.

Nevertheless, we must determine whether his suit is precluded by the common law doctrines of res judicata and collateral estoppel.[4]

The preclusion doctrines of res judicata and collateral estoppel "serve an important function in resolving disputes by imposing a state of finality to litigation where the same parties have previously had a full and fair opportunity to adjudicate their claims." *Nummer v Dep't of Treasury*, 448 Mich 534, 541; 533 NW2d 250 (1995). Res judicata applies if "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). "Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (quotations and alterations omitted).

In *Standard Auto Parts Co v Employment Security Comm*, 3 Mich App 561, 570; 143 NW2d 135 (1966), this Court explained:

> In general, the answer given by the courts to the question whether decisions of administrative tribunals are capable of being *res judicata* depends upon the nature of the administrative action involved. *The doctrine of res judicata has been applied to administrative action that is characterized by the courts as "judicial" or "quasi judicial"*, while to administrative determinations of "administrative', "executive", or "legislative" nature, the rules of *res judicata* have been held to be inapplicable. 42 Am Jur, Public Administrative Law, § 161, p 520. [second emphasis added.]

The preclusion doctrines are applicable to administrative decisions (1) that are "adjudicatory in nature," (2) where a method of appeal is provided, and (3) where it is clear that the legislature

---

[4] We review de novo a circuit court's decision on a motion for summary disposition and questions of law, including the application of a legal doctrine such as res judicata. *Washington v Sinai Hosp*, 478 Mich 412, 417; 733 NW2d 755 (2007). The application of collateral estoppel is also a question of law that we review de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

"intended to make the decision final absent an appeal." *Nummer*, 448 Mich at 542; see also *Minicuci v Scientific Data Mgt, Inc*, 243 Mich App 28, 29, 38; 620 NW2d 657 (2000).

"To determine whether an administrative agency's determination is adjudicatory in nature, courts compare the agency's procedures to court procedures to determine whether they are similar." *Natural Resources Defense Counsel v Dep't of Environmental Quality*, 300 Mich App 79, 86; 832 NW2d 288 (2013). "Quasi-judicial proceedings include procedural characteristics common to courts, such as a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents." *Id*.

The Restatement of Judgments, 2d, § 83, p 266, provides in pertinent part:

> (2) An adjudicative determination by an administrative tribunal is conclusive under the rules of res judicata only insofar as the proceeding resulting in the determination entailed the essential elements of adjudication . . . .

The Comments provide that "[w]here an administrative agency is engaged in deciding specific legal claims or issues through a procedure substantially similar to those employed by courts, the agency is in substance engaged in adjudication." Restatement of Judgments, § 8, comment *b*, p 268. Further, "[i]n the performance of adjudicative functions . . . administrative agencies are generally required by law to employ procedures substantially similar to those used in courts." Restatement of Judgments, § 8, comment *b*, p 269. Additionally, in *Holton v Ward*, 303 Mich App 718, 734; 847 NW2d 1 (2014), this Court held that an administrative decision by the Department of Environmental Quality, had preclusive effect. In that case, an evidentiary hearing was held during which an administrative law judge "heard testimony from additional witnesses and reviewed a large body of evidence." *Id*. at 732.

In this case, the OFIR's decision was not adjudicatory in nature because no level of the proceedings provided for an evidentiary hearing. Although a plaintiff or his representative was entitled to present a written statement and documentary evidence, MCL 550.1911(11), PRIRA's external review procedure is not substantially similar to the procedure employed by courts. Specifically, although the parties are free to submit documentary evidence, no witnesses may be produced or compelled to appear for examination by the parties or by the factfinder, and the parties cannot cross-examine the individuals responsible for the insurer's decision or any medical experts on whose opinion those individuals relied.

In *English*, 263 Mich App at 463, we upheld PRIRA's administrative process against a due process challenge. We recognized that the review process was limited in that it did not provide for an evidentiary hearing or other procedures typical to courts. *Id*. at 460-462. We listed several reasons why PRIRA's limited process was constitutional, one of which was the fact "that although the external review decision constitutes the final administrative remedy under PRIRA, the act 'does not preclude a health carrier from seeking other remedies available under applicable state law.' " *Id*. at 463, quoting MCL 550.1915(2). Likewise the external review decision does not preclude a covered person from seeking other remedies available under applicable state law. MCL 550.1915(3). To preclude those other remedies based on the limited

administrative process provided for by PRIRA would require us to reconsider the constitutionality of that process.

In support of its argument that preclusion applies, Time cites four cases where an administrative decision was given preclusive effect. However, each of those cases involved administrative procedures far more extensive than those provided for in PRIRA. In *Nummer*, the plaintiff challenged a decision by the Michigan Civil Service Commission that denied his claims for breach of contract and discrimination on the basis of race and gender. *Nummer*, 448 Mich at 539-540. In that case, the plaintiff "was represented by counsel before the agency; had the opportunity to, and did in fact, call witnesses; and had a full hearing on the merits of his claim." *Id*. at 542-543. In addition, the *Nummer* Court made clear that its decision to give administrative decisions preclusive authority would only "affect agency decisions by formal hearing." *Id*. at 543, 543 n 7.[5] Next, in *Minicuci*, the plaintiff challenged a decision by the Michigan Department of Labor that he was not entitled to additional wages under the wages and fringe benefits act, MCL 408.471 *et seq*. *Minicuci*, 243 Mich App at 30. However, in that matter the plaintiff had a right to an evidentiary hearing on administrative appeal. *Id*. at 38. Time's reliance on *Dearborn Hts Sch Dist No 7 v Wayne Co MEA/NEA*, 233 Mich App 120; 592 NW2d 408 (1998) is also unavailing. In that case, the issue of whether the administrative proceedings were adjudicatory in nature was never even raised. Moreover, the parties in that case were permitted to call and question witnesses. *Id*. at 125. Finally, in *Senior Accountants, Analysts and Appraisers Ass'n v City of Detroit*, 60 Mich App 606, 613; 231 NW2d 479 (1975), this Court held that a decision against the plaintiff by the Michigan Employment Relations Commission (MERC) had preclusive effect. However, under MCL 423.216, the parties to a proceeding before MERC are entitled to an evidentiary hearing before a hearing officer.

Accordingly, given that the proceedings before the OFIR were not adjudicatory in nature, the first element required to give an administrative decision preclusive effect is not satisfied. Thus, the preclusion doctrines do not apply to the decision of the OFIR. See *Nummer*, 448 Mich at 542; *Minicuci*, 243 Mich App at 38.

Additionally, the third element required to apply the preclusion doctrines to an administrative decision, i.e., that it is clear that the legislature intended to make the determination final when no appeal is taken, is also not satisfied in this case. In *Nummer*, our Supreme Court concluded that, in enacting the Civil Rights Act, MCL 37.2101 *et seq*., "the Legislature [clearly] intended to make the Civil Rights Commission's findings final in the absence of an appeal[.]" *Nummer*, 448 Mich at 551. The Court explained that the Legislature had explicitly provided only one remedy from an adverse agency determination: a direct appeal to the circuit court. *Id*. The statute did not contain any other language concerning the preclusive effect of the Civil Rights Commission's findings or conclusion. *Id*. at 547, 551. The Court concluded that if the

---

[5] Moreover, in *Nummer* the administrative decision was subject to a de novo review by the circuit court, requiring his claim to be reviewed under "a competent, material, and substantial evidence standard." *Nummer*, 448 Mich at 543-544. In contrast, the review provided by the circuit court in this case was not de novo and the OFIR decision was only reviewed to determine if it was contrary to law.

Legislature intended "a new, original action . . . it would have said so more directly." *Id*. at 551. Similarly, in *Dearborn Hts*, this Court held:

> [E]ven if the teacher tenure act is silent concerning whether a determination by the [State Tenure C]ommission is to be given preclusive effect, in the absence of legislative intent to the contrary, the applicability of principles of preclusion is presumed. . . . [I]t is instructive that, pursuant to the Administrative Procedures Act, the only procedure available to a party aggrieved by a final decision of the commission is direct review by the courts. MCL 24.301; MSA 3.560(201). Because the appeal process, by its very nature, does not contemplate a new, original action, the commission's decision is clearly intended to be a final decision on the merits. [*Dearborn Hts*, 233 Mich App at 129-130.]

Finally, in *Minicuci*, we reached the same conclusion when interpreting the Legislature's intent in enacting the wage act. In *Minicuci*, the wage act only provided "for appellate judicial review of the hearing referee's determinations." *Minicuci*, 243 Mich App at 40. As a result, we concluded that the Legislature intended to make the department's administrative determination final absent an appeal. *Id*. at 40-41.

Unlike the statutes in *Nummer*, *Dearborn Hts*, and *Minicuci*, the statutory language in PRIRA explicitly provides that other remedies under state and federal law are not precluded by a party's decision to pursue an external review before the OFIR under subsection (1). MCL 550.1915(3). As such, the OFIR's decision is not entitled to preclusive effect because the legislature did not clearly intend to make the determination of the OFIR final when no appeal is taken. Instead, the legislature contemplated, and statutorily provided that, a plaintiff could file an action in circuit court even if such an action touches upon issues or claims raised during the external review procedure in subsection (1). See MCL 550.1915(3). Accordingly, because it is not clear that the legislature intended to make the OFIR's determination final when no appeal is taken, the preclusion doctrines do not apply.

## III. CONCLUSION

MCL 550.1915 provides that a party aggrieved of a decision by the OFIR can pursue both an external review before the OFIR and a claim in circuit court. Further, Wass's circuit court claim is not barred by res judicata or collateral estoppel. Both doctrines only apply to administrative decisions that are adjudicatory in nature and in cases where it is clear that the legislature intended to make the administrative decision final in the absence of an appeal. *Nummer*, 448 Mich at 542; *Minicuci*, 243 Mich App at 38. Here, the proceedings were not adjudicatory in nature because no evidentiary hearing was held. Moreover, given that the statute provided for an aggrieved party to proceed with both an external review under MCL 550.1915(1) and to pursue other actions under MCL 550.1915(3), it is plain that the legislature did not intend a decision under subsection (1) to be final in the absence of an appeal.[6] For these reasons, we

---

[6] We note that a contrary ruling could, at least in some cases, run afoul of the Employee Retirement and Income Security Act of 1974 (ERISA), 29 USC 1001 *et seq*. See *Rush*

conclude that the trial court erred when it held that Wass's claim was barred by res judicata and collateral estoppel.

Reversed and remanded for further proceedings. We do not retain jurisdiction.


/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher

*Prudential HMO, Inc v Moran*, 536 US 355; 122 S Ct 2151; 153 L Ed 2d 375 (2002); see also Wexler, *A Patient's Right to Independent Review: Has Michigan's Act Changed after Rush Prudential HMO, Inc v Moran?*, 81 Mich B J 19, 21-22 (Nov, 2002).