# STATE OF MICHIGAN

# COURT OF APPEALS

LAKEWOOD ESTATES IMPROVEMENT
ASSOCIATION, INC. and CAROL WILDER
PORTH, formerly known as CAROL WILDER,

Plaintiff-Appellants,

v

MICHELE BUEKER, Trustee of the MICHELE
M. BUEKER REVOCABLE LIVING TRUST,

Defendant-Appellee.

UNPUBLISHED
June 21, 2018

No. 339379
Saginaw Circuit Court
LC No. 16-031402-CH

Before: CAMERON, P.J., and METER and BORRELLO, JJ.

PER CURIAM.

Plaintiffs, Lakewood Estates Improvement Association, Inc. (Lakewood) and Carol Wilder Porth, formerly known as Carol Wilder, appeal as of right from the trial court's May 15, 2017 order granting summary disposition under MCR 2.116(C)(10) and quieting title to a contested strip of land (the property) in favor of defendant, Michele Bueker as trustee of the Michele M. Bueker Revocable Living Trust. We affirm.

## I. BACKGROUND

This case arises out of a dispute over the property, which is located in Swan Creek Township, Michigan. In 2012, Lakewood sued defendant and the Michele M. Bueker Revocable Living Trust, alleging Bueker's installment of a driveway over the property violated Lakewood's deed restrictions. The trial court ruled in favor of defendants, and Lakewood appealed that decision. In our prior opinion, this Court described the facts of the 2012 lawsuit as follows:

In 1999, Bueker purchased a 6.41 acre piece of property abutting Lakewood Estates No. 2., a platted subdivision. Unbeknownst to Bueker, a prior owner had divided a lot in the platted subdivision in 1978, and a very narrow portion of Bueker's property falls within the subdivision. The parcel that Bueker owns varies from about 15 to 40 feet wide and it is a drain, not a lot. At some point, Bueker built a driveway over the drain, and she wishes to build a house on her remaining [unplatted] property.

*  *  *

-1-

In November 2012, Lakewood filed suit in this action. In pertinent part, Lakewood contended that Bueker's driveway violated the deed restrictions because it was not for residential purposes and Bueker built it without approval of the architectural control committee. [*Lakewood Estates Improvement Ass'n, Inc v Bueker*, unpublished per curiam opinion of the Court of Appeals, issued July 14, 2015 (Docket No. 321826), p 1.]

The property is east of Lot 28 and west of Bueker's unplatted property:



In the trial court's written opinion disposing of the 2012 action, it acknowledged that Lakewood had raised concerns about chain of title relating to the property and Lot 28:

At oral argument, and in a post-argument supplemental brief, Plaintiff for the first time noticed that the unusual nature of Defendant's Property (i.e., partially within Lakewood Estates and partially outside) was accomplished by a 1977 conveyance by Birnbaum (one of the original developers) to a couple named Bommarito. That deed conveyed the lion's share of Lakewood Estates Lot 28 to the Bommaritos, but excepted the small strip that Defendants now own. It is undisputed that in 1977, Birnbaum also owned that portion of Bueker's Property that is outside of Lakewood Estates. The obvious inference is that Birnbaum did

this deliberately to insure access over the County Drain. Plaintiff's late-breaking argument, to the extent the Court can discern it, appear [sic] to be that this division of Lot 28 some 37 years ago was somehow wrongful, although it is most unclear just <u>how</u> the act was improper, or, if true, how this would affect the present case. There is no claim before the Court in this lawsuit challenging the division of Lot 28. For purposes of summary judgment, the Court accepts the current state of parcel boundaries, and the prior history of conveyances, as established facts.

In this Court's 2015 opinion affirming the trial court's decision, we declined to address Lakewood's claim that the division of Lot 28 in the 1970s violated the Land Division Act "[b]ecause Lakewood did not raise any claims regarding the propriety of this division, [and] the trial court refused to infer that it was improper." *Id*. at 4.

In 2016, plaintiffs filed a second lawsuit to quiet title, claiming Lakewood was the rightful owner of the property because defendant acquired the parcel in question due to the invalid division and transfer of the property in the 1970s. Porth asserted that as the current owner of Lot 28, any decision concerning the contested strip of land would affect the value of her property as a resident of Lakewood Estates. The trial court disagreed and granted summary disposition in favor of defendant because Lakewood's claim was barred on judicial estoppel and res judicata grounds, and Porth's claim failed for lack of standing. Plaintiffs now appeal the trial court's decision.

## II. LAKEWOOD'S CLAIM

Plaintiffs first argue that the trial court erred when it dismissed Lakewood's claim against defendant on res judicata grounds. We disagree.

This Court reviews de novo rulings on a motion for summary disposition under MCR 2.116(C)(10), as well as its application of the legal doctrine of res judicata. *Garrett v Washington*, 314 Mich App 436, 440-441; 886 NW2d 762 (2016). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 469 (2003). In ruling on a motion under MCR 2.116(C)(10), a trial court may "consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183.

"The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Garrett*, 314 Mich App at 441, quoting *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 715; 848 NW2d 482 (2014) (quotation marks omitted). "Res judicata applies if: '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been,

resolved in the first.' " *William Beaumont Hosp v Wass*, 315 Mich App 392, 398; 889 NW2d 745 (2016), quoting *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004).

Defendant and Lakewood were both parties to the original 2012 action, and it is undisputed that the original action was decided on its merits. The issue, instead, implicates the third element of res judicata, i.e., whether Lakewood's quiet title action could have been litigated in the original 2012 action. See *William Beaumont Hosp*, 315 Mich App at 398.

"Our Supreme Court 'has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, *exercising reasonable diligence*, could have raised but did not.' " *Garrett*, 314 Mich App at 442, quoting *Adair*, 470 Mich at 121. In analyzing the third prong under the doctrine of res judicata, "Michigan courts employ the broad, pragmatic same transaction test," which looks at "whether the claims in the instant case arose as part of the same transaction as did [the plaintiff's] claims in the original action." *Garrett*, 314 Mich App at 442, quoting *Adair*, 470 Mich at 123-125 (quotation marks omitted). "Under the transactional test, a claim is viewed in factual terms and considered coterminous with the transaction, regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff[.]" *Garrett*, 314 Mich App at 442, quoting *Adair*, 470 Mich at 124 (quotation marks omitted; alteration in original). Thus, "[w]hether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation,* [and] whether they form a convenient trial unit." *Garrett*, 314 Mich App at 442, quoting *Adair*, 470 Mich at 125 (quotation marks omitted; alteration in original).

In this case, the trial court concluded that Lakewood had every opportunity in the previous lawsuit to timely amend its complaint to add a quiet title claim for the contested property. Instead, Lakewood's only substantive theory for relief set forth in the first action was that, even though the property belonged to defendant, she failed to obtain a permit or abide by Lakewood's Bylaws and Use Restrictions when installing a driveway over the property. Lakewood had access to the title history, and it could have alleged that the property on which the driveway and culvert was installed belonged to Lakewood—not defendant. Not only did Lakewood fail to raise any such argument in the previous action until the hearing on defendant's motion for summary disposition, it had admitted the property belonged to defendant up until that point. The trial court refused to allow Lakewood, after summary disposition had been granted in favor of defendant, to amend the 2012 complaint for a third time to add a quiet title action because the time limit for filing such an amendment had lapsed. Therefore, not only could Lakewood have raised the current issue in the original action, it attempted to do so once it was too late. The trial court did not err when it granted defendant's motion for summary disposition on res judicata grounds.

However, even if the trial court erred when it granted summary disposition on res judicata grounds, it also found that judicial estoppel barred Lakewood's quiet title action. On appeal, Lakewood has not challenged the trial court's decision as it relates to judicial estoppel. Therefore, this claim is deemed abandoned because Lakewood failed to raise this issue in its statement of the questions presented, MCR 7.212(C)(5); *In re ASF*, 311 Mich App 420, 440; 876 NW2d 253 (2015), and has provided no argument or other authority challenging this issue.

According to Lakewood, the trial court dismissed the case only on res judicata grounds, but this is not true. The trial court, after undergoing a judicial estoppel analysis on the record, concluded "that the case is properly dismissed under the judicial estoppel theory, and that part of the motion is granted."

The trial court also did not err in finding that the affidavit of surveyor Roger Mahoney carried no weight, thereby concluding Lakewood failed to raise a genuine issue of material fact. Mahoney, a licensed surveyor, was in no position to provide a legal conclusion based on his review of the chain of title. A determination as to legal title should be left to the court. Thus, Lakewood's argument that Mahoney's affidavit presented a disputed question of fact that survives summary disposition is without merit. As a final point, the trial court was allowed to quiet title in favor of defendant even though she did not expressly request such relief at the outset. On the record, the trial court held:

> [U]nder MCR 2.601(A), which provides . . . every final judgment may grant the relief to which the party in whose favor it is rendered entitled, even if the party has not demanded that relief in his or her pleadings, end quote, as to that rule, [defendant] is entitled to a judgment in her favor, quieting title to the strip of land in question.

The trial court, in light of Lakewood seeking to quiet title, was allowed to provide a judgment that quieted title in favor of defendant.

### III. PORTH'S CLAIM

Plaintiffs also argue the trial court erred when it dismissed Porth's claim for lack of standing because Porth should have been allowed to amend the complaint to add a direct quiet title claim against defendant. We disagree.

An issue is preserved if it was "raised, addressed, and decided by the lower court." *Mouzon*, 308 Mich App at 419 (quotation marks and citation omitted). "[W]here an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519, 521; 773 NW2d 758 (2009). The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10), dismissing Porth's claim for lack of standing.[1] Thereafter, plaintiffs requested in a motion for reconsideration to "allow [Porth's] portion of the case to proceed, thereafter schedule a discovery

---

[1] Plaintiffs do not challenge the trial court's ruling that Porth lacked standing. Instead, plaintiffs only claim that Porth should have been given an opportunity to amend the complaint to allow her the chance to assert a quiet title claim. An appellant must identify the issues in her brief in the statement of question presented, MCR 7.212(C)(5), and she cannot merely assert an error and leave it up to this Court to discover and rationalize the basis for the claim. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted). Therefore, this Court does not address the trial court's decision to dismiss Porth's claim for lack of standing.

time period; and, allow her to amend her portion of plaintiffs' Complaint." The trial court, however, denied plaintiffs' motion for reconsideration. On appeal, plaintiffs argue that the trial court should have allowed Porth to amend the complaint to bring an action to quiet title. Because Porth did not seek to amend the complaint until she filed a motion for reconsideration, the issue is not properly preserved. *Vushaj*, 284 Mich App at 519.

Generally, a trial court's decision on a motion to amend pleadings is reviewed for an abuse of discretion. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 53; 684 NW2d 320 (2004). However, this Court reviews unpreserved issues for plain error affecting substantial rights. *King v Oakland Co Prosecutor*, 303 Mich App 222, 239; 842 NW2d 403 (2013). "To avoid forfeiture under the plain-error rule, three requirements must be met: (1) an error must have occurred; (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Rivette v Rose–Molina*, 278 Mich App 327, 328-329; 750 NW2d 603 (2008) (citation omitted). To the extent this issue requires the interpretation and application of court rules, such matters are reviewed de novo as questions of law. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002).

Under MCR 2.118(A)(2), a party can "amend a pleading only by leave of the court or by written consent of the adverse party," and "[l]eave shall be freely given when justice so requires." This Court explained:

> Because a court should freely grant leave to amend a complaint when justice so requires, a motion to amend should ordinarily be denied only for particularized reasons. Those reasons include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility. Further, MCR 2.116(I)(5) states that when the trial court summarily disposes of a case under subrules (C)(8), (C)(9), or (C)(10), the trial court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified. [*Kincaid v City of Flint*, 311 Mich App 76, 94-95; 874 NW2d 193 (2015) (quotation marks and citations omitted).]

While the general rule favors granting leave to amend, in no way does it address whether a trial court has an affirmative obligation, in the absence of a motion requesting an opportunity to amend, to offer a party such relief. This Court has addressed an issue nearly identical to that raised in plaintiffs' brief. In *Kloian v Schwartz*, 272 Mich App 232, 241-242; 725 NW2d 671 (2006), the trial court granted summary disposition under MCR 2.116(C)(8), and the plaintiff did not file a motion to amend the complaint. On appeal, the plaintiff, having failed to preserve the issue, argued he was denied the opportunity to amend his complaint. *Id*. However, this Court concluded: "Because [the] plaintiff did not seek leave of the court or obtain defendants' written consent to amend his complaint as required by MCR 2.118(A)(2), MCR 2.116(I)(5) did not require the court to sua sponte offer plaintiff an opportunity to amend. Therefore, no plain error

occurred." *Kloian*, 272 Mich App at 241-242.  In this case, as in *Kloian*, Porth failed to preserve the issue by filing a motion to amend the complaint, and thus, the trial court was not obligated to allow the amendment.  No plain error occurred.

Affirmed.


/s/ Thomas C. Cameron
/s/ Patrick M. Meter
/s/ Stephen L. Borrello