*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEITH J. MITAN, individually and as assignee of
the ESTATE OF FRANK MITAN, also known as
FRANK JOSEPH MITAN, JR.,

UNPUBLISHED
June 1, 2023

Plaintiff-Appellant,

v

No. 358232
Oakland Circuit Court
LC No. 2021-185958-CZ

MICHAEL J. BOUCHARD and TWELFTH
ESTATE CONDOMINIUM ASSOCIATION,

Defendants-Appellees.

Before: LETICA, P.J., and SERVITTO and HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the order of granting summary disposition in favor of defendant, Twelfth Estate Condominium Association. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of a dispute regarding the distribution of the proceeds of a foreclosure sale of a condominium owned by Frank J. Mitan, plaintiff's late father. The sale, which occurred on October 15, 2019, resulted in proceeds of $19,396.49. Defendant, Oakland County Sheriff Michael J. Bouchard,[1] delivered $7,000 of the proceeds to the estate of Frank J. Mitan, of which plaintiff was the personal representative, and $12,388.79 of the proceeds to defendant.

---

[1] This defendant was not served with the complaint, was dismissed from the underlying litigation, and is not a participant in this appeal. Consequently, the singular term "defendant" refers to Twelfth Estate Condominium Association.

-1-

## A.  THE FIRST ACTION

Four days later, plaintiff[2] filed his first action against defendant and its individual members (members) alleging that he was the owner of real property, specifically unit 100 in the condominium complex.  In that Oakland County action, assigned case number 2019-177288-CB,[3] plaintiff filed a first amended complaint raising statutory violations, slander of title, unjust enrichment, turnover of surplus funds under MCL 600.3252, failure to maintain the complex, private nuisance, and breach of fiduciary duty.  Plaintiff filed a motion for partial summary disposition of the claims of unjust enrichment and turnover of surplus funds under MCL 600.3252. The trial court denied the motion and granted summary disposition in favor of defendant and the members.  Although plaintiff's complaint asserted an individual interest in the condominium property, the trial court noted that the property previously belonged to an estate for which plaintiff acted as the personal representative, specifically plaintiff's late father, Frank J. Mitan.  The trial court concluded that plaintiff could not pursue the claims for unjust enrichment and turnover of surplus funds because the claims belonged to the estate.  The opinion and order provided, in pertinent part:

> This case arises out of a foreclosure sale for unpaid condominium assessments on a condominium unit previously owned by the Estate of Frank J. Mitan.  The estate was opened in probate court following Frank Mitan's passing in 2010.  Plaintiff is the Personal Representative of the Estate.  The condominium unit . . . is a unit in the complex administered by Twelfth Estate Condominium Association (Defendant) and was property of the Estate of Frank J. Mitan until October 2019.
>
> Defendants recorded a Notice of Lien for unpaid assessments on October 6, 2017.  In August of 2019, Defendants recorded an Affidavit of Correction. Defendants then published a Foreclosure Notice on September 9, 2019 for a sheriff's sale of the property on October 15, 2019.  While acting as the Personal Representative of the Estate of Frank J. Mitan, Plaintiff quit-claimed the property to himself as an individual for $1.00 on October 4, 2019.  Plaintiff, in his individual capacity, concurrently granted a mortgage to the Estate of Frank J. Mitan on October 4, 2019, to secure a $73,000.00 [sic] promissory note payable to the Estate.
>
> Plaintiff then filed this lawsuit on October 14, 2019, one day before the foreclosure sale.  The property was purchased at the October 15, 2019, sheriff's

---

[2] At the time of oral argument before this Court, plaintiff advised that he was an attorney, but currently suspended.

[3] We do not have the benefit of the entire lower court record and are limited by the parties' attachments of excerpts from the file.

sale by a third party for $19,396.49. Plaintiff apparently redeemed the property on or about November 18, 2019, for $19,972.26.

\* \* \*

Before delving into an analysis of whether or not the fees, costs, and interest included in the foreclosure sale price could be actual or limited to reasonableness, we [sic] must determine whether Plaintiff has a claim to the alleged surplus in the first place. . . . In one of Plaintiff's prior motions for summary disposition, he insisted that he purchased the condominium unit from his father's estate and secured the indebtedness of $70,000 to the estate by granting it a mortgage. The estate's interest in the condominium gives it a higher priority claim to any surplus than Plaintiff has. . . . Plaintiff admits in this motion that the Estate has a priority position to claim any and all of the alleged surplus. Plaintiff now argues that even if he cannot claim the alleged surplus, any surplus should be turned over to the Estate. "A plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013) (citation omitted). Plaintiff cannot assert a claim for the alleged surplus on behalf of the Estate. Only the Estate can do that. Therefore, Plaintiff's claim for unjust enrichment and turnover of surplus must be dismissed as Plaintiff cannot assert a claim for that money where there is a claimant in a higher priority. Furthermore, Plaintiff cannot use the counts of unjust enrichment or turnover of surplus to obtain a judgment on behalf of a third party.

In light of this analysis, the trial court denied plaintiff's motion for summary disposition under MCR 2.116(C)(10) and granted summary disposition to defendants under MCR 2.116(I)(2). The trial court noted that a final order was not entered and did not close the case. The trial court's opinion and order was dated September 10, 2020.

Following the trial court's decision on this dispositive motion, plaintiff did not seek to amend his complaint to raise the claims of unjust enrichment and surplus proceeds in his capacity as the personal representative of the estate.[4] He also did not seek leave to appeal the trial court's summary disposition decision. Rather, plaintiff participated in case evaluation on September 23, 2020. At that time, the panel recommended that plaintiff receive $3,000, that the $3,000 be paid by defendant, and that the individually named members receive or pay $0. On November 5, 2020, the trial court entered a stipulated order of dismissal with prejudice. The order cited the parties' acceptance of the case evaluation award under MCR 2.403 and defendant's payment in full as the reason to dismiss the case with prejudice.

## B. THE SECOND ACTION

On January 22, 2021, plaintiff executed an assignment with the estate of Frank J. Mitan. Plaintiff purportedly utilized the $3,000 awarded from the case evaluation to purchase the claims

---

[4] At oral argument before this Court, plaintiff acknowledged that he could have pursued the litigation on behalf of the estate as the personal representative of the estate.

-3-

at issue in the present case from his late father's estate. On April 7, 2021, plaintiff filed a first amended complaint, claiming defendant was paid attorneys' fees and expenses from the foreclosure sale that it was not entitled to receive. Defendant moved the trial court to dismiss plaintiff's complaint under MCR 2.116(C)(7) and MCR 2.116(C)(8), contending plaintiff's claims were barred by res judicata. The trial court issued an order granting defendant's motion on July 1, 2021, explaining:

> Here, Plaintiff has not only brought the identical claims against [defendant] in a prior suit, the claims were litigated, and a decision on the merits was reached. Assuming arguendo the same claims were not brought in . . . 2019 based on the assignment, Plaintiff, as the personal representative of the estate, knew or should have known of the claims, and should have brought them in the prior action. As such, the doctrine of res judicata bars Plaintiff's claims.

This appeal followed.

## II. STANDARD OF REVIEW

The appellate court reviews de novo the trial court's holding that a claim is barred by the doctrine of res judicata. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007). Summary disposition decisions premised on the contention that they are barred by the doctrine of res judicata are reviewed under MCR 2.116(C)(7). *Everson v Williams*, 328 Mich App 383, 388; 937 NW2d 697 (2019). When reviewing a motion brought under MCR 2.116(C)(7), the court examines the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true. *Id*. If there is no factual dispute, the determination whether a plaintiff's claim is barred by the doctrine of res judicata presents a question of law. *Allen Park Retirees Ass'n v Allen Park*, 329 Mich App 430, 444; 942 NW2d 618 (2019).

## III. RES JUDICATA

Plaintiff contends the trial court erred in granting summary disposition to defendant because plaintiff's claims are not barred by res judicata. We disagree.

The purpose of the doctrine of res judicata is to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, specifically, to foster the finality of litigation. *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016). The doctrine serves the important function of resolving disputes by imposing a state of finality to litigation when the same parties were given a full and fair opportunity to adjudicate their claims. *William Beaumont Hosp v Wass*, 315 Mich App 392, 398; 889 NW2d 745 (2016). The party asserting that the doctrine of res judicata is applicable bears the burden of proof. *Id*. The doctrine of res judicata bars a subsequent action when (1) the prior action was decided on the merits, (2) both actions involved the same parties or their privies, and (3) the claims in the second case were, or could have been, resolved in the first case. *Adair v Mich*, 470 Mich 105, 121; 680 NW2d 386 (2004). "Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction

that the parties, exercising reasonable diligence, could have raised but did not." *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999). Specifically:

> In Michigan, the doctrine of res judicata applies, except in special cases, in a subsequent action between the same parties and not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. [*Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380; 596 NW2d 153 (1999) (quotation marks and citations omitted).]

When the same facts or evidence would sustain both the first and second actions, the two actions are deemed the same for purposes of res judicata. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 11; 672 NW2d 351 (2003). Res judicata applies to actions resolved by the grant of summary disposition, *City of Detroit v Nortown Theater, Inc*, 116 Mich App 386, 392; 323 NW2d 411 (1982), to consent judgments, *Ditmore v Michalik*, 244 Mich App 569, 576; 625 NW2d 462 (2001), and to voluntary dismissals with prejudice as an adjudication on the merits, *Limbach v Oakland Co Rd Comm*, 226 Mich App 389, 395; 573 NW2d 336 (1997).

## A. DECISION ON THE MERITS

To satisfy the first requirement of res judicata, the prior action must have been decided on the merits. *Adair*, 470 Mich at 121. It pertains to every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *Dart*, 460 Mich at 586. In the first action, plaintiff raised claims of unjust enrichment and for surplus proceeds arising from the foreclosure sale. However, plaintiff's complaint did not delineate that those claims were being pursued in a representative capacity on behalf of the estate. That is, despite being the personal representative of his late father's estate and the estate's interest in the property, plaintiff sought the proceeds in an individual capacity. Curiously, plaintiff did not request to amend the complaint to pursue those claims on behalf of the estate. Rather, after the trial court dismissed the claims for unjust enrichment and surplus proceeds because of the manner of plaintiff's pleading, plaintiff proceeded to participate in and accept the case evaluation, resulting in a voluntary stipulation of dismissal of the first action with prejudice. Res judicata applies to decisions rendered by summary disposition, consent judgments, and voluntary dismissals. *Ditmore*, 244 Mich App at 576; *Limbach*, 226 Mich App at 395; *Detroit*, 116 Mich App at 392. In light of the trial court's dismissal of unjust enrichment and surplus proceed claims through summary disposition and the subsequent dismissal of the case in its entirety following the acceptance of case evaluation, the prior litigation was decided on the merits for purposes of res judicata.

## B. SAME PARTIES OR PRIVIES

The second requirement to satisfy res judicata is that both actions involve the same parties or their privies. *Adair*, 470 Mich at 121. Privity has been defined as "mutual or successive relationships to the same right of property or such an identification of interest of one person with another as to represent the same legal right." *Sloan v Madison Heights*, 425 Mich 288, 295; 389 NW2d 418 (1986) (citation omitted). Additionally, privy has been defined as "one who, after rendition of the judgment has acquired an interest in the subject matter affected by the judgment

through or under one of the parties, as by inheritance, succession, or purchase." *Id*. at 295-296. The personal representative of an estate has the same standing to sue and be sued as the decedent had immediately before death. MCL 700.3703(3). The personal representative "shall proceed expeditiously with the settlement and distribution of a decedent's estate" except as otherwise specified or ordered in a supervised proceeding, and must act without adjudication, order, or direction of the court. MCL 700.3704. "Until termination of the appointment, a personal representative has the same power over the title to estate property that an absolute owner would have, in trust, however, for the benefit of creditors or others interested in the estate." MCL 700.3711. Accordingly, plaintiff, as the personal representative, had the same power to act over the estate property as the deceased owner, his late father, but willfully chose not to file the action in the representative capacity. *Id*. Thus, plaintiff, as the personal representative, had the right to act over the property but did not to do so. Indeed, at oral argument before this Court, plaintiff acknowledged that he could have pursued the litigation on behalf of the estate as the personal representative of the estate. Privity arises when there is "such an identification of interest of one person with another as to represent the same legal right." *Sloan*, 425 Mich at 295. Because of plaintiff's relationship to the estate as the personal representative, privity was established for purposes of res judicata. See MCL 700.3711.

## C. SAME CLAIMS

The final requirement for purposes of res judicata is that the claims in the second case were, or could have been, resolved in the first case. *Adair*, 470 Mich at 121. Generally, the doctrine of res judicata applies in a subsequent action between the same parties and not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. *Pierson Sand & Gravel, Inc*, 460 Mich at 380. In the present case, the trial court apprised plaintiff that the claim for unjust enrichment and surplus proceeds belonged to the estate. Despite a fiduciary duty as the personal representative of the estate, plaintiff did not seek to amend the complaint to raise the claims in the representative capacity. Instead, plaintiff proceeded to case evaluation and accepted the award. Although plaintiff submitted that he needed to settle the first action to acquire the proceeds to purchase the assignment from the estate, he had the capacity to act and pursue the claim as the personal representative without any delay or expenditure or need for an assignment. See MCL 700.3703; 700.3704; 700.3711. Thus, the second action might have been presented to the trial court in the first action. *Id*. Accordingly, the trial court did not err in concluding that plaintiff's claims in the second action were barred by res judicata.

## IV. CASE EVALUATION ACCEPTANCE

We further conclude that *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549; 640 NW2d 256 (2002), provides an alternate basis to affirm the trial court's dismissal order.[5] See *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

---

[5] The *CAM Constr* decision did not apply the doctrine of res judicata. Rather, it addressed the import of the acceptance of case evaluation on other claims.

In *CAM Constr*, the plaintiff filed a four-count complaint against the defendant for failing to pay for services rendered and for breach of contract. With regard to counts I through III, the plaintiff alleged that it was owed $9,110 for services rendered under the parties' agreement. However, in count IV, the plaintiff alleged that the defendant reneged on a separate contract governing roof construction work that was worth $183,450. *CAM Constr*, 465 Mich at 550-551. The defendant moved for summary disposition of count IV, submitting that it was void in light of the statute of frauds. The circuit court granted the defendant's motion, and the plaintiff did not appeal the decision. The parties then submitted the matter to case evaluation, see MCR 2.403. The summaries presented to the case evaluation panel briefly referenced the dismissal of count IV, causing the parties to debate whether only counts I through III were discussed by the case evaluation panel. The panel recommended that the defendant pay the plaintiff $5,400. Both parties accepted the award. *Id*. at 551-552.

The defendant then requested the circuit court dismiss the entire case with prejudice under MCR 2.403(M)(1),[6] noting that the court rule provided that "judgment or dismissal shall be deemed to dispose of all claims in the action[.]" The plaintiff opposed the requested relief, contending that it had reserved its right to appeal the summary disposition decision related to count IV. It further submitted that the case evaluation summaries only focused on counts I-III, and therefore, the $5,400 case evaluation covered only that portion of the case. The circuit court agreed with the plaintiff and directed the parties to prepare a judgment that preserved the appellate issue but otherwise dismissed the case as a final order. The plaintiff filed a claim of appeal challenging the summary disposition decision on count IV. In a written order, this Court dismissed the appeal, concluding that the plaintiff was not an aggrieved party because it could not appeal an earlier order entered after a subsequent acceptance of the case evaluation award. Our Supreme Court granted the plaintiff's application for leave to appeal. *Id*. at 552-553.

Our Supreme Court rejected the plaintiff's claim of error, stating:

> [The p]laintiff contends that it can appeal an earlier partial summary disposition ruling where the parties have subsequently accepted a case evaluation

---

[6] MCR 2.403(M)(1) currently states: "If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice. The judgment or dismissal shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date it is entered, except for cases involving rights to personal protection insurance benefits under MCL 500.3101 *et seq*., for which judgment or dismissal shall not be deemed to dispose of claims that have not accrued as of the date of the case evaluation hearing."

award. We reject [the] plaintiff's contention because it is contrary to the plain language of MCR 2.403(M)(1).

* * *

MCR 2.403(M)(1) provides that, upon both parties' acceptance of a case evaluation, the judgment entered pursuant to that evaluation "shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest . . ."

A claim is defined as:

> 1. The aggregate of operative facts giving rise to a right enforceable by a court . . . . 2. The assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional . . . . 3. A demand for money or property to which one asserts a right . . . . [*Black's Law Dictionary* (7th ed).]

An "action" is defined as:

> 1. The process of doing something; conduct or behavior. 2. A thing done . . . . 3. A civil or criminal judicial proceeding. [*Id*.]

Thus, according to the plain meaning of these words, a claim consists of facts giving rise to a right asserted in a judicial proceeding, which is an action. In other words, the action encompasses the claims asserted.

The language of MCR 2.403(M)(1) could not be more clear that accepting a case evaluation means that *all claims* in the *action*, even those summarily disposed, are dismissed. Thus, allowing bifurcation of the claims within such actions, as plaintiff suggests, would be directly contrary to the language of the rule. We, therefore, reject [the] plaintiff's position because it is contrary to the court rule's unambiguous language that upon the parties' acceptance of a case evaluation all claims in the action be disposed. [*Id*. at 553-555 (footnote omitted).]

Our Supreme Court also rejected the contention that a party may make a showing that less than all issues were submitted to the case evaluation panel because the plain language of MCR 2.403(M)(1) did not permit such a construction. To the extent that prior caselaw suggested that the parties may except claims from case evaluation, it was overruled. *CAM Constr*, 465 Mich at 557. Rather, "[i]f all parties accept the panel's evaluation, the case is over." *Id*.

The *CAM Constr* Court noted that both parties accepted the case evaluation award rendered by the panel, and the defendant sent the payment within 28 days. Under the circumstances, "the circuit court should have granted [the] defendant's motion to dismiss without condition or reservation." *Id*.

In *Magdich & Assoc, PC v Novi Dev Assoc, LLC*, 305 Mich App 272, 274; 851 NW2d 585 (2014), the plaintiff was a tenant of the defendant landlord. Their lease agreement gave the plaintiff a right of first refusal to adjacent lease space. The defendant claimed that it did not renew

the lease agreement to a suite identified as the "Crawford space" because the plaintiff exercised the right of first refusal. The plaintiff denied exercising the option and filed an action for declaratory relief because of the defendant's demands to pay rent. The defendant then filed a counterclaim. However, the parties stipulated to limit the trial court case to any issue pertaining to the Crawford space. *Id*.

In accord with the stipulation, the defendant moved to amend the counterclaim to eliminate references to resolved issues and to retain the remaining issues. The trial court denied the motion. One month later, the defendant again moved to amend the counterclaim. The defendant now claimed that the amendment was necessary because the plaintiff had caused damage to the premises, removed the defendant's property, and otherwise failed to meet its obligations. The trial court took the motion under advisement. *Id*.

Approximately three months later, the parties proceeded to case evaluation. The case evaluation panel issued an award, and both parties accepted the award without qualification. The plaintiff alleged that it learned of the acceptance of the award on December 20, 2012, and paid the award to the defendant the next day. On January 4, 2013, the trial court issued an opinion and order partially granting the defendant's motion to allege additional claims. Four days later, the plaintiff filed a motion for entry of an order of dismissal with prejudice under MCR 2.403(M). The plaintiff alleged that the plain language of the court rule and applicable caselaw established that all claims were resolved regardless of the type of claims submitted to the case evaluation panel. But the defendant opposed the motion, alleging that fewer than all claims were submitted to the case evaluation panel and sought a scheduling order for the remaining claims. The trial court denied the plaintiff's motion for dismissal, noting that it created the situation by failing to rule on the motion to amend the counterclaim earlier. *Id*. at 274-275.

On appeal, the plaintiff alleged that the acceptance and payment of the case evaluation award required the trial court to dismiss all claims with prejudice in light of MCR 2.403(M). After addressing the construction of the court rules, the purpose of MCR 2.403, and the applicable caselaw, this Court agreed, stating:

> In light of *CAM Constr*, the trial court erred by denying [the] plaintiff's motion to dismiss with prejudice. The purpose of the case evaluation rule is to expedite and simplify the final settlement of cases to avoid a trial. The case evaluation is binding and is comparable to a consent judgment or settlement agreement. The court rules governing case evaluation provide that "claims seeking equitable relief" may be exempted from case evaluation upon good cause shown or the stipulation of the parties if the court finds that the evaluation of such claims would be inappropriate. However, the plain language of the court rule does not exempt any other type of claim from case evaluation, and [the] defendant does not allege that the claims raised fall within the equitable-relief exception. [*Magdich & Assoc*, 305 Mich App at 279 (citations omitted).]

This Court further declined the defendant's attempt to distinguish the *CAM Constr* decision by citing to the claims addressed in the case evaluation summary and whether the defendant should have moved to adjourn the case evaluation until the motion to amend was decided:

The *CAM Constr* Court noted that the plain language of the court rule provides that the judgment entered pursuant to case evaluation disposes of "*all claims* in the action . . . ." *CAM Constr*, 465 Mich at 555. The Court analyzed the terms "claim" and "action" and held that "a claim consists of facts giving rise to a right asserted in a judicial proceeding, which is an action. In other words, the action encompasses the claims asserted." *Id*. at 554-555. The Court rejected the defendant's assertion that claims could be bifurcated because it was "directly contrary to the language of the [court] rule." *Id*. at 555. Indeed, the purpose of case evaluation is to resolve the case, not to bifurcate litigation or decide it piecemeal. See *Larson* [*v Auto-Owners Ins Co*, 194 Mich App 329, 332; 486 NW2d 128 (1992)]. Additionally, MCR 2.403(C)(1) allows a party to file a motion to remove the matter from case evaluation. There is no indication that [the] defendant filed a motion to remove or adjourn the matter until a ruling was rendered on the motion to amend its counterclaim.

Moreover, to the extent that [the] defendant claims that it definitively established that fewer than all claims were submitted to case evaluation, the *CAM Constr* Court held that such a showing is impermissible. *CAM Constr*, 465 Mich at 556. ("These [Court of Appeals decisions] improperly allow a party to make a showing that 'less than all issues were submitted' to case evaluation. Allowing the parties involved in the case evaluation process to make such a showing has no basis in the court rule.") The *CAM Constr* Court overruled those Court of Appeals cases suggesting "that parties may except claims from case evaluation under the current rule," stating that "[i]f all parties accept the panel's evaluation, the case is over." *Id*. at 557.

In short, both parties accepted the case evaluation award without qualification, and therefore, the case is over. The trial court erred by denying the motion to dismiss the case with prejudice. [*Magdich & Assoc*, 305 Mich App at 280-281 (emphasis in original).]

Indeed, MCR 2.403(M)(1) continues to provide that the parties' acceptance of the case evaluation panel's award results in a judgment in accordance with the evaluation or a dismissal if the award amount is paid within 28 days of the acceptance. Further, the current version of MCR 2.403(M)(1) states that "the judgment or dismissal shall be deemed to dispose of all claims in the action" except personal protection insurance benefit claims, claims that utilize the alternative dispute resolution process, MCR 2.403(M)(2), MCR 2.403(A)(3), or equitable claims upon a showing of good cause, MCR 2.403(A)(4).

As noted, plaintiff filed the first action against defendant and its individual members alleging that he was the owner of real property, specifically unit 100 in the condominium complex. In that action, plaintiff filed a first amended complaint raising statutory violations, slander of title, unjust enrichment, turnover of surplus funds under MCL 600.3252, failure to maintain the complex, private nuisance, and breach of fiduciary duty. Plaintiff filed a motion for partial summary disposition of the claims of unjust enrichment and turnover of surplus funds under MCL 600.3252. The trial court denied the motion and granted summary disposition in favor of defendants, concluding that plaintiff could not pursue the claims for unjust enrichment and

turnover of surplus funds because the claims belonged to the estate. Despite being the personal representative of the estate, plaintiff did not amend the complaint to raise the claims in the representative capacity.[7] After the trial court granted summary disposition of these claims to defendants under MCR 2.116(I)(2), plaintiff participated in and accepted the case evaluation award. The panel recommended that plaintiff receive $3,000, that the $3,000 be paid by the defendant, and that the individually named members receive or pay $0. Consequently, the trial court entered a stipulated order of dismissal with prejudice. The order cited the parties' acceptance of the case evaluation award under MCR 2.403 and defendant's payment in full as the reason to dismiss the case with prejudice.

Plaintiff's acceptance of the case evaluation award resulted in the dismissal of *all* claims, even the claims to which the trial court granted summary disposition. *CAM Constr*, 465 Mich at 555 ("The language of MCR 2.403(M)(1) could not be more clear that accepting a case evaluation means that *all claims* in the *action*, even those summarily disposed, are dismissed.").

Nonetheless, after the acceptance of the case evaluation award, plaintiff purportedly used the proceeds of the case evaluation award to purchase the estate's claims and sought to pursue it as an assignee of the estate. Plaintiff also submitted that he sought and received approval of the probate court to pursue this case through an assignment.[8] Plaintiff then filed the second and underlying action to include the pursuit of the same claims for unjust enrichment and entitlement to surplus funds. These additional steps and second suit are curious because plaintiff did not simply seek to amend the initial circuit court action to pursue the estate's claims as the personal representative.[9] In light of the *CAM Constr* decision, we also conclude that plaintiff's pursuit of these claims in the underlying litigation was precluded by the acceptance of the case evaluation award in the initial lawsuit.

Affirmed.

/s/ Anica Letica
/s/ Deborah A. Servitto

---

[7] Again, we emphasize that at oral argument before this Court, plaintiff acknowledged that he could have pursued the litigation on behalf of the estate as the personal representative of the estate.

[8] The copy of the petition and order purportedly approving of plaintiff's assignment of the estate's claim does not contain a judge's signature or signature stamp.

[9] But see *Mitan v Farmington Square Condo Ass'n*, unpublished per curiam opinion of the Court of Appeals, issued February 25, 2021 (Docket No. 350053), pp 6-9, concluding that plaintiff could not represent the estate *in propria persona*.