McMULLEN v. SAGINAW CITY MANAGER.

1. STATUTES—REFERENDUM—APPROVAL.
   Under referendum provision of statute that it should not take effect in a municipality until approved by a majority of the electors voting thereon at an election at which the question of adoption of the act for that municipality is properly submitted, a majority vote of the electors voting thereon was sufficient to render the act effective.

2. SAME—TITLE OF ACT.
   Title of an act which is comprehensive of purpose of the act may be sufficient even though a short one.

3. SAME—REFERENDUM—CITY ADMINISTRATIVE OFFICERS.
   The adoption of an act by majority of city electorate voting thereon under referendum provision contained in the statute requiring only such majority bars city administrative officers from questioning validity of such act because it abridged right of municipal home rule, constituted an unauthorized amendment of the city charter, represented class legislation, was not mandatory, its title did not sufficiently state its purpose and its adoption was not by a majority of all the electors of the city.

4. SAME—REFERENDUM—APPROVAL.
   A referendum provision of a statute recognizes that a change in the governing law of a particular community may not be made except at the will of a majority of the electorate voting thereon.

5. MUNICIPAL   CORPORATIONS—FIREMEN'S   CIVIL   SERVICE   ACT—REFERENDUM.
   Under provisions of municipal firemen's civil service act that a civil service commission may be created within 30 days after the act should take effect and that the act should not be effective until approved by a majority of electors voting thereon, the act became effective in city adopting it by a majority of the electors voting thereon (Act No. 78, Pub. Acts 1935).

6. Same—City Manager—Firemen's Civil Service Commission—Appointment—Mandamus.

City manager of city the majority of whose electors had approved municipal firemen's civil service act on referendum may not prevent operation of act by refusing to appoint such commissioners to the civil service commission as are required to be appointed by city, hence mandamus was properly issued (Act No. 78, Pub. Acts 1935).

7. Costs—Mandamus—Public Question.

No costs are allowed in mandamus proceeding to compel appointment of members of municipal firemen's civil service commission after majority of electorate voting thereon had approved statute providing for such commission, a public question being involved (Act No. 78, Pub. Acts 1935).

Appeal from Saginaw; Martin (William H.), J. Submitted November 4, 1941. (Calendar No. 41,501.) Decided January 5, 1942.

Petition by George McMullen and others for writ of mandamus to compel L. P. Cookingham, City Manager of the City of Saginaw, to appoint two members of Civil Service Commission for Firemen. Carl H. Peterson substituted for and in place of L. P. Cookingham. Writ allowed. Defendant reviews by appeal in nature of certiorari. Affirmed.

*E. B. Reese,* for petitioners.

*F. Roland Sargent,* for respondent.

Wiest, J. This is an appeal from a peremptory writ of mandamus, issued by the circuit court, requiring the managing officer of the city of Saginaw to appoint two members of the civil service commission regulating the employment of members of the fire department of the city, as provided by Act No. 78, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 2730-1 *et seq.,* Stat. Ann. § 5.3351 *et seq.*), and

made operative in that city under its referendum provisions by a majority vote of the electors voting thereon December 2, 1935. The city manager refused to make the appointments, claiming the act abridges the right of municipal home rule, constitutes an unauthorized amendment of the city charter, represents class legislation, is not mandatory, its title does not sufficiently state its purpose, and its adoption was not by a majority of all the electors of the city.

The act is a long one, and provides that it shall not take effect in any city or village until approved by a majority of the electors voting thereon at an election at which the question of adoption of the act for that city is properly submitted. Under such provision a majority vote of such electors was sufficient to render the act effective. Title to the act, while short, is comprehensive of its purpose and sufficient. The city electorate, by adopting the act, has barred its administrative officers from questioning its validity on the grounds alleged. The referendum provision recognized a change could not be operative except at the will of a majority of the city electorate voting thereon.

The provision in section 1 of the act, reading—
"Within thirty days after this act shall take effect (which means by referendum) there may be created a civil service commission in each city, village or municipality of any population whatsoever having a fire department, any of the members of which are full paid by said city," is to be read in connection with section 17a of the act:

"The foregoing provisions of this act shall not take effect in any city or village until approved by a majority of the electors voting thereon at an

election at which the question of adoption of this act for that city or village is properly submitted.  *  *  *

"If the majority of the qualified electors of such city or village vote in favor of the adoption of this act, then the provisions thereof shall be in full force and effect in such city or village and not otherwise."

This constituted the act effective in the city of Saginaw at the time of its adoption by a majority of such electors.

Section 2 of the act provides:

"This civil service commission shall consist of three members, two of whom shall be appointed by the person or group of persons who, acting singly or in conjunction, as a mayor, city manager, council, common council, or otherwise, is or are vested by law with power and authority to select, appoint, or employ the chief of a fire department in any city, village or municipality prior to the enactment of this act:  *  *  *  One for a period of six years from the date of his appointment, one for a period of two years from the date of his appointment, the other member of the commission shall be selected by the paid members of the fire department and he shall serve for a period of four years from the date of his appointment."

The paid members of the fire department made their selection of relator in this case but the city manager, by refusing to appoint the other two members of the commission, prevents operation of the act.

We must hold, as did the circuit judge, that the act is operative in the city of Saginaw and the provisions of the statute adopted by the city under the referendum command appointment of commissioners by the city.

The writ of mandamus was properly issued and the proceeding in the circuit court is affirmed, but without costs, a public question being involved.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.