*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER COUNTY OF WAYNE,

Plaintiff-Appellant,

v

WAYNE COUNTY RETIREMENT
COMMISSION,

Defendant-Appellee,

and

WAYNE COUNTY BOARD OF
COMMISSIONERS,

Intervenor-Appellee.

UNPUBLISHED
May 9, 2019

No. 339714
Wayne Circuit Court
LC No. 17-004750-AW

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff the Charter County of Wayne appeals as of right an order denying its motion for a declaratory judgment, permanent injunction, and writ of mandamus; and granting defendant's motion for declaratory judgment, granting intervenor's motion for summary disposition, and dismissing plaintiff's complaint. Critically, however, plaintiff only seeks in this appeal to obtain a writ of mandamus. Because we agree with intervenor the Wayne County Board of Commissioners that mandamus is inappropriate because a non-ministerial act is implicated, we affirm.

## I. BACKGROUND

This case arises from the declaration of a financial emergency for Wayne County ("the County")[1] in August 2015. On August 21, 2015, the County and the State of Michigan entered into a consent agreement[2] that authorized remedial measures, including renegotiation of collective bargaining agreements (CBAs) with its employees. The County negotiated CBAs with all but one of its bargaining units, and it then imposed County Employment Terms (CET) on that remaining bargaining unit.[3] The CBAs and CET included changes to the composition of defendant, the Wayne County Retirement Commission ("the Commission") including an increase from 8 to 10 members. These changes altered the composition of the Retirement Commission set forth in the Wayne County Charter ("Charter") and the Wayne County Retirement Ordinance ("Ordinance"). See Home Rule Charter for the County of Wayne, § 6.112; Wayne County Retirement Ordinance No. 141-35.

Following dismissal of a related federal action, the County filed the instant suit against the Commission, claiming that the Commission continued to obstruct the seating of the new members of the Retirement Commission. The County filed a complaint for declaratory relief and mandamus against the Commission, as well as a motion for declaratory judgment, permanent injunction, and writ of mandamus. The County argued that the trial court should enter a declaratory judgment because pertinent sections of the Charter and Ordinance were preempted by the Public Employment Relations Act (PERA), MCL 423.201 *et seq.*, in turn because the composition of the board was a mandatory subject of bargaining. The County contended that retirees do not have a right to any particular makeup of the Commission, and any argument to the contrary was precluded by the doctrines of res judicata and collateral estoppel because it had been presented in federal court.

In response to the County's motion, the Commission argued that the County could not impose terms and conditions of employment in a CBA on nonunion employees or retirees. To amend the composition of the board, the County must negotiate the change with every union and amend any applicable provisions in the relevant Charter and Ordinance. The Commission claimed that the federal court did not rule on the merits of its arguments and that it never argued

---

[1] For ease of reference we will refer to plaintiff the Charter County of Wayne as the "County," defendant the Wayne County Retirement Commission as the "Commission," and intervenor the Wayne County Board of Commissioners as the "Board."

[2] See MCL 141.1548.

[3] See *Wayne Co v AFSCME Local 3317*, 325 Mich App 614; ___ NW2d ___ (2018). The terms in the CET regarding the composition of the Commission were identical to the terms in the negotiated CBAs. The Board argues that the County took a position in *AFSCME Local 3317* inconsistent with its position in the instant matter. *AFSCME Local 3317* provides some insight into the extent to which the "negotiations" of the new CBAs were practically "Hobson's choices." However, the case was about whether the Michigan Employment Relations Commission (MERC) had subject-matter jurisdiction over certain unfair labor practice charges, not whether the ensuing CBAs and CET may preempt a charter or ordinance. We are not persuaded that the asserted inconsistency has any bearing here.

that there was a vested right to a specific composition of the Retirement Commission. The Commission also filed a motion for declaratory judgment. The Wayne County Board of Commissioners ("the Board") filed a motion to intervene and a motion for summary disposition in substantial concurrence with the Commission's motion for a declaratory judgment. The trial court granted the motion to intervene.

After a hearing on the motions, the trial court issued an opinion and order that: (1) denied the County's motion for a declaratory judgment, permanent injunction, and writ of mandamus; (2) granted the Commission's motion for declaratory judgment; (3) granted the Board's motion for summary disposition; and (4) dismissed the County's complaint.[4] The trial court found that:

> any changes to the Retirement Commission are changes to the County Charter that must be submitted to the electorate for a vote pursuant to the Michigan Constitution, 1963 Const Article 7, § 2, and pursuant to the Charter Counties Act, MCL 45.514(1)(o). To do otherwise would be a violation of the due process rights of non-represented employees, exempt employees, retirees, and the public at large.

## II. STANDARD OF REVIEW

In reviewing actions for both declaratory judgment and for mandamus, this Court reviews questions of law de novo and the trial court's ultimate decisions for an abuse of discretion. *Guardian Environmental Servs, Inc v Bureau of Constr Codes & Fire Safety, Dep't of Labor & Economic Growth*, 279 Mich App 1, 5-6; 755 NW2d 556 (2008); *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016). This Court also reviews "a trial court's denial of injunctive relief for an abuse of discretion." *Michigan v McQueen*, 293 Mich App 644, 652; 811 NW2d 513 (2011), aff'd on other grounds 493 Mich 135 (2013). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *Id*. at 652-653. The application of legal doctrines such as res judicata and collateral estoppel are questions of law that this Court reviews de novo. *William Beaumont Hosp v Wass*, 315 Mich App 392, 398 n 4; 889 NW2d 745 (2016). A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion brought under MCR 2.116(C)(8) should be granted only where the complaint is so legally deficient that recovery would be impossible even if all well-pleaded facts were true and construed in the light most favorable to the non-moving party. *Id*. at 119. Only the pleadings may be considered when deciding a motion under MCR 2.116(C)(8). *Id*. at 119-120.

## III. MANDAMUS

The County originally sought to seat the new board either through a declaratory judgment, a permanent injunction, or a writ of mandamus. On appeal, however, as noted at the

---

[4] The trial court granted defendant's motion for declaratory relief and the Board's motion for summary disposition pursuant to MCR 2.116(C)(8).

beginning of this opinion, the County only argues that it is entitled to a writ of mandamus. For the purposes of resolving this appeal, we presume, although we do not decide, that a vote by the electorate was not required to amend the Charter. We express no opinion as to that issue. Rather, we will consider only whether the trial court abused its discretion by denying the County's request for a writ of mandamus to compel seating of the new Commission pursuant to the CBAs and CET. Because we find that the trial court did not abuse its discretion, consideration of the remaining issues on appeal is unnecessary.

In *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518-519; 866 NW2d 817 (2014), this Court stated:

> To obtain the extraordinary remedy of a writ of mandamus, the plaintiff must show that: (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. In relation to a request for mandamus, a clear, legal right is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided. Even where such a right can be shown, it has long been the policy of the courts to deny the writ of mandamus to compel the performance of public duties by public officials unless the specific right involved is not possessed by citizens generally. [(citations and internal quotations omitted).]

Because a vote is not required, the County can show that the first, second, and fourth requirements to obtain a writ of mandamus are met: the County has a clear, legal right to performance, defendant has a duty to perform, and there is no other adequate remedy.

However, it is less obvious whether implementation of the new Commission is a ministerial act. See *id*. "A ministerial act is one for which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of judgment or discretion." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 248; 829 NW2d 335 (2013). The Board contends that implementation of the new Commission will require discretion because there is, undisputedly, no plan for implementation. The County, however, argues that it is a ministerial act for the Commission to vote on the CEO's designees to the Commission on their merits.

In *McMullen v Peterson*, 300 Mich 166, 169-170; 1 NW2d 494 (1942), our Supreme Court held that a writ of mandamus was properly issued to require a city manager to appoint members of a civil service commission. In *Attorney General v Common Council of Detroit*, 29 Mich 108, 109, 115 (1874), our Supreme Court held that mandamus was proper to compel the Common Council of Detroit to consider and act on nominations made by the mayor for a board of public works. Similarly, the Court has stated that the duty of a board to pass or not to pass a statutory preamble and resolution was ministerial. *Alward v Bd of Supervisors of Oakland Co*, 187 Mich 573, 576; 153 NW 1001 (1915), citing *Paul v Benzie Circuit Judge*, 169 Mich 452; 135 NW 283 (1912). The lesson from these cases is clearly that mandamus is proper to compel a specific, narrow, and identifiable act of exercising discretion, so long as there is no judgment or discretion required to determine the nature of that act in the first instance.

We agree with the Board that the instant situation is materially distinguishable. In none of the above cases were existing members to be displaced and replaced. We agree with the Board's observation that serious questions remain outstanding regarding implementation. For example: were the new members to be selected or appointed, and if so, when? How would it be determined which three of the four active employee members would remain? Which one of the two retiree members would remain? What was the term of years for each the members, and will those terms overlap or be staggered? Under the Charter as it presently exists, those questions are answered. If those questions were likewise answered under the CBA and CET, which must in effect replace §6.112 of the Charter, then perhaps mandamus would be appropriate. However, it is clear that implementation of the CBA and CET terms requires more than merely compelling a narrow and definite exercise of discretion. Rather, significant decision-making is required beyond the permissible scope of a writ of mandamus.

We therefore conclude that the trial court properly determined that the issuance of a writ of mandamus would be inappropriate.

## IV. CONCLUSION

Because the trial court properly concluded that a writ of mandamus would be inappropriate, the trial court did not abuse its discretion by refusing to issue the writ. Because the County does not seek any alternate form of relief on appeal, we need not consider its arguments pertaining to res judicata, collateral estoppel, or PERA. The trial court is therefore affirmed. However, we direct that the parties shall bear their own costs, in light of our decision not to address the entirety of the issues raised. MCR 7.219(A).

/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause

-5-